## H. Seligson & Co. v. Hobby & Post.

1. Pleading — Petition.— The petition should state the cause of action by distinct averments, and not leave the existence of material facts to be deduced from other facts alleged.

2. Attachment suit.— Suit was brought upon a note not due, but in the ordinary form of petition upon an overdue note ; the note, however, being set out in the petition, attachment proceedings were taken at the institution of the suit. The demurrer to the petition was sustained and the attachment quashed, it not being alleged in the petition that the note was due at the commencement of the suit : *Held,* On appeal by plaintiff : (1) That there was no error. (2) The plaintiff having declined to amend after exceptions sustained, the rights of the parties depended on the pleadings as then presented and adjudicated, and this opinion is thus limited.

3. Approved.—Cox *v.* Reinhardt, 41 Tex., 591, approved.

Appeal from Galveston. Tried below before the Hon. William H. Stewart.

August 9, 1877, Seligson & Co. brought suit by attachment, in the District Court of Galveston county, against the parties composing the firm of Hobby & Post, on a promissory note bearing date July 9, 1877, and due forty-five days thereafter. The petition was in the usual form, judgment for debt and costs being asked. Attachment was issued to Galveston county, and returned, October 1, 1877, "no property found."

A second attachment was issued August 10, to Robertson county, which was levied upon lands in said county.

A third attachment was issued August 21, to Falls county, which was levied upon lands in that county.

Exceptions were filed to the petition and motion to quash the attachment, and the second and third, because issued before the first had been returned, &c.

March 25, 1878, the court sustained the motion to quash the attachments and the demurrer to the petition. Plaintiffs declining to amend, judgment was rendered for defendants. The plaintiffs appealed.

*Willie & Cleaveland,* for appellants.

I. The court erred in sustaining defendants' motion to quash the attachment, and in holding that plaintiffs could only sue out one writ, and that the writ sued out and levied on land in Robertson county was invalid and unauthorized, and because the petition and affidavit would not support or authorize the same. (Paschal's Dig., arts. 145, 163; 4 Tidd's Prac., p. 995; Freem. on Ex., sec. 31; 2 Cow., 456; 2 Dev. Eq., p. 42.)

II. The petition, affidavit, and bond were good and sufficient, and did authorize and support the issuance of the second writ of attachment so levied by the sheriff of Robertson county. (Paschal's Dig., arts. 138, 142, 143, 145, 154; 4 Tidd's Prac., p. 995; Freem. on Ex., sec. 31; 2 Cow., 456; 2 Dev. Eq., p. 42.)

III. The court erred in sustaining the demurrer of defendants to plaintiffs' petition, on the ground that the same did not sufficiently set forth a cause of action in the plaintiffs; and there being no vice in the attachment, process, or bond, the petition showed a good cause of action begun by attachment, although the debt of the plaintiffs was not due, as shown therein. (Paschal's Dig., arts. 138, 142, 143, 145; 4 Tidd's Prac., p. 995; Freem. on Ex., sec. 31; 2 Cow., 456; 2 Dev. Eq., 456; Fennell *v.* Morrison, 37 Tex., 156; Jennings *v.* Moss, 4 Tex., 454; Blount *v.* Ralston, 20 Tex., 132; Gilder *v.* McIntyre, 29 Tex., 91; Sydnor *v.* Totman, 6 Tex., 197; Cox *v.* Reinhardt, 41 Tex., 591; Hill *v.* Cunningham, 25 Tex., 32; Wright *v.* Smith, 19 Tex., 297.)

*M. C. McLemore,* for appellees.

I. The writ of attachment sued out and levied upon land in Robertson county was not valid, because one writ of attachment had been theretofore issued and was in force at the date of the issuance of the second one, and only one affidavit or bond was filed in the case, and which was the basis of

the first writ. (Drake on Attach., sec. 165; Erwin *v.* Com. & R. R. Bank, 12 Rob., (La.,) 227.)

II. The petition, affidavit, and bond were not good and sufficient, and they did not authorize and support the said writs of attachment issued under them. (Cox *v.* Reinhardt, 41 Tex., 592, *et seq.*)

III. The court did not err in sustaining the demurrer to the petition and in dismissing the petition.

The petition nowhere states any facts to show a breach of the contract set out in the petition, but the petition seeks to recover upon a note not due, without stating when it will become due; and the affidavit for the attachment sets out an existing indebtedness, and nowhere states therein that the indebtedness is to become due at a future day. (Moore *v.* Hollamans, 25 Tex. Supp., 82; Campbell *v.* Lane, 25 Tex. Supp., 93; Cox *v.* Reinhardt, 41 Tex., 592, *et seq.*)

BONNER, ASSOCIATE JUSTICE.—This was a suit by attachment, under article 154 of Paschal's Digest, upon a note not due. The petition was in the usual form as upon a note overdue, and the only intimation that the cause of action had not matured at the time of suit brought, arises from the copy of the note set out in the pleadings. Exceptions to the pleadings of the plaintiffs were sustained, and they declining to amend, judgment final was rendered for the defendants.

After a careful examination of the case, we are constrained to the opinion that it comes within the ruling of Cox *v.* Reinhardt, 41 Tex., 591, and upon the authority of that case, the judgment below must be affirmed.

It was therein said, that "the fact that the debt lacked only four days at most of being due when the suit was brought, and as no action of the court could be taken in the case beyond the seizure of the property before the debt would be due, and therefore it cannot be seen that any material injury has resulted to the debtor from the defects in the petition and affidavit for attachment, does not, in our opinion, warrant a

departure from the long and well established rule requiring a strict observance of all the requirements of the law by those who are seeking to enforce their demands by the aid of this stringent and harsh writ."

Under our practice, the petition should state the plaintiffs' cause of action by distinct averments, and not leave it to the court to deduce the existence of one fact from the statement of another. (Malone *v.* Craig and Lipscomb *v.* Bryan, 22 Tex., 609.)

The plaintiffs having declined to amend after exceptions sustained, the rights of the parties depend upon the pleadings as then presented and adjudicated, and this opinion is thus limited.

The attachment being only an ancillary process to secure the debt, must abide the judgment upon the sufficiency of the pleadings. It is, therefore, not necessary to determine the other question, as to the validity of the second and third writs of attachment issued, and no opinion is given upon this point.   Judgment affirmed.

AFFIRMED.