### J. B. DIBRELL v. IRELAND & BURGES.

(No. 2363, R. Book No. 4, p. 265.)

APPEAL from Guadalupe County. Opinion by WILL-SON, J.

§ **300.** *Suit upon a note; descriptive allegation of.* Where the petition alleged that the note was made and delivered to petitioners "*for the use and benefit* of E. W.," and the note offered in evidence was, "I promise to pay to E. W. five hundred dollars," etc., *held,* that the portion of the petition which stated that the note was made and delivered for the use and benefit of E. W. was not intended as part of the description of the note, but was an averment of a fact *dehors* the note, and cannot therefore be properly regarded as a descriptive allegation with which the note must correspond.

§ **301.** *Suggestion of delay; effect of.* A suggestion of delay on appeal opens up for revision the whole cause and all errors, if there be any, whether they have been assigned or not. [Riggs v. Horde, 25 Tex. Sup. 460; Brown v. Hancock, 13 Tex. 22; Moody v. Benge, 28 Tex. 545; Batey v. Dibrell, 28 Tex. 173.]

§ **302.** *Petition on a note substantially defective.* Where, on a suit on a note, there is no allegation in the

petition showing any right in plaintiffs to sue upon the note, and no allegation that they, or the party for whose use and benefit they profess to sue, are the owners, holders or bearers of it, the petition is fatally defective. A petition must state the plaintiff's cause of action by distinct averments, and leave no material fact to be inferred. The petition in this case fails to state a cause of action in plaintiffs. [Moss v. Jennings, 4 Tex. 452; Malone v. Craig, 22 Tex. 609; Gray v. Osborne, 24 Tex. 157; Thigpen v. Mundine, 24 Tex. 282; Colbertson v. Beeson, 30 Tex. 76; Seeligson v. Hobby, 51 Tex. 147; Wood v. Evans, 43 Tex. 175.]

October 2, 1882.                Reversed and remanded.