### TEXAS TRUNK R. R. CO. v. THOS. J. ELAM.

(No. 2638, Op. Book No. 4, p. —.)

APPEAL from Dallas County.   Opinion by WILLSON, J.

1w201
§ 445
2w137
2w219
2w354
2w435
2w581
3w331
3w334
3w342

§ 445. *Measure of damages for injury to land from careless and improper construction of road-bed.* Elam sued for damages sustained by him by reason of the careless and improper construction of the road-bed of appellant over his land, whereby the natural channels for the passage of water from said land were obstructed, causing the land to overflow; he also claimed damages, which he averred would be the reasonable cost of ditching his land so as to again render it useful to him for cultivation. He recovered judgment for $1,000 and costs, $250 being remitted by Elam.

Amongst other things the court charged the jury that, "in estimating the damages, the measure or rule will be the difference between the value of the land as it was be-

fore said acts complained of were committed and what it is now." This charge was erroneous. The rule of damages as it respects real estate is the difference between the value of the premises before the injury and the value immediately after the injury. [H. & T. C. R. R. Co. v. Seale, decided by Commissioners of Appeals, Austin term, 1883, citing Hilliard on Torts, 608, sec. 18a; Ruckman v. Green, 9 Hun (N. Y.), 225; Seely v. Alden, 61 Pa. St. 302.] This rule was sanctioned by this court in Gulf, C. & St. Fe R'y Co. v. Graves, *supra*, p. 301. In Shearman & Redfield on Negligence, the same general rule is more fully and accurately stated thus: "In an action for negligent injury to real property, the rule of damages generally adopted is to allow the plaintiff the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is complete, and not to take into consideration the cost of repairing the injury, so as to replace the land in its former condition." [Shear. & Red. on Neg. sec. 602; Chase v. N. Y. Cent. R. R. Co. 24 Barb. 273; Schuylkill Nav. Co. v. Farr, 4 Watts & Serg. 362.] The charge as above given was manifestly and materially erroneous. It fixes the time for ascertaining the difference in the value of the land from any time before the injury to the time of trial, when the law wisely limits it from *immediately before* the injury to *immediately after* the injury is complete. And this value must furthermore be the *market* value of the land at those times; not what it may be worth to the plaintiff, but what it would sell for in market. This rule is as perfect and just an one as the sages of the law have been able to frame. There are exceptions, but the case before us does not come within any of the exceptions.

§ **446.** *Duty of court in its charge to give correct instructions as to measure of damages.* It is the duty of the court in all cases involving a question of damages to give definite instructions to the jury as to the correct measure of damages applicable to the facts of the case.

This is a matter of law, and for the court alone to determine; while the province of the jury is to estimate the amount of damage sustained in accordance with the rules submitted to them by the court. [R. R. Co. v. Le Gierse, 51 Tex. 189; R. R. Co. v. Nixon, 52 Tex. 19.]

§ 447. *Pleading; distinctness of averment essential in; inferences not to be indulged as to material facts; damages as to; drainage and surface water.* It is a fundamental rule of pleading that the petition should state the cause of action by distinct averments, and not leave the existence of material facts to be deduced from other facts alleged, that is, to be inferred. [Seeligson v. Hobby, 51 Tex. 147; Malone v. Craig, 22 Tex. 609.] There was no direct averment in plaintiff's petition that there were any natural channels for water on his land at the time of the injury complained of, and we can only conclude that there were such from other facts stated. Such an allegation was, we think, essential to plaintiff's right of recovery, and should have been made directly and positively, and not left to conjecture or inference. A mere right of drainage over the general surface of land is very different from the right to the flow of a natural channel over the land. An obstruction of the one right is different in its legal consequences from the other. In the case of the flow of mere surface water, where there were no channels through which it usually passed off, its obstruction would not occasion damages which would be recoverable; but it is otherwise where the flow through a water course or channel in which it usually flowed is obstructed, to the injury of the premises. [Ashley v. Wolcott, 11 Cush. 192; Turner v. Dartmouth, 13 Allen (Mass.), 291.]

May 19, 1883.              Reversed and remanded.