Malone v. Craig.

## H. D. MALONE v. JAMES M. CRAIG.
## W. B. LIPSCOMB v. M. A. BRYAN.

The plaintiff alleged that the defendant executed and delivered a note, of the following purport—giving a copy of the note, from which it appeared, that the name of the payee of the note, corresponded exactly with the name of the plaintiff:—*Held*, that the petition was insufficient, because it did not allege that the note was executed and delivered to the plaintiff, or that he was the owner and holder of it.

A petition should state the plaintiff's cause of action by distinct averments, and not leave it to the court to deduce the existence of one fact, from the statement of another.

ERROR from Washington. Tried below before the Hon. R. E. B. Baylor.

Suits by the defendants in error against the plaintiffs in error. In the first case, the suit was brought by James M. Craig; and it was alleged in the petition, that Malone, for a valuable consideration, executed and delivered his promissory note, the purport and effect of which was as follows, to wit:

One day after date, I promise to pay to J. M. Craig, or bearer, one hundred and seventy seven dollars and forty eight cents, for value received. Interest at ten per cent per annum:. this June 7th, 1855.

H. D. MALONE. [SEAL.]

Petitioner showed that though said note had long been due and payable, yet the defendant had hitherto wholly disregarded his promise to pay the same to petitioner. Damage five hundred dollars. Prayer for process, and judgment for the amount due upon said note, &c.

In the second case, suit was brought by M. Austin Bryan, and the note sued upon was also payable to M. Austin Bryan, or order. There was judgment by default, in both cases.

*J. D.* and *D. C. Giddings*, for defendants in error, suggested delay.

39

In the case of *Lipscomb* v. *Bryan.*

*Sayles* and *Bassetts,* for plaintiff in error.

BELL, J. We are of opinion that the petitions in these two cases, do not state the cause of action of the plaintiffs, with sufficient precision and accuracy to entitle them to recover. In the case of *Jennings* v. *Moss,* 4 Tex. Rep. 452, it was said, that "to show a right of action, the plaintiff must allege title in him-"self, and some act of the defendant, creating a legal liability on "his part." It was said further, that "the defendant's liability "must be shown by averment." The petitions before us aver that the defendants executed and delivered the notes sued on ; but it is not alleged to whom the notes were executed and delivered.

We have held, in cases decided at this term of the court, that where the petition alleged that the note sued on was executed and delivered, and also alleged that the plaintiff was the owner and holder of the note, the petition might be sustained, as suffi‑ ciently certain in its averments. This is showing great indul‑ gence towards loose and negligent pleading, 'and we are not disposed to go any further, in excusing a careless practice, than we have already gone. A petition should state the plaintiff's cause of action by distinct averments, and not leave it to the court to deduce the existence of one fact, from the statement of another.

The judgments will be reversed, and the causes remanded, to afford the plaintiffs an opportunity to amend their petitions.

                       Reversed and remanded.