### JOB THIGPEN v. J. C. MUNDINE.

A petition on a promissory note, which neither alleges the execution and delivery of the note to the plaintiff, nor that he is the owner and holder thereof, does not state a cause of action; and a judgment by default thereon, will be reversed.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

This was a suit by John C. Mundine against Job Thigpen, on a promissory note for $504.

The allegations of the petition, were as follows: "Your petitioner, John C. Mundine, sueing for the use of Ervin Brown, complains of Job Thigpen, (all of the parties being resident citizens of Washington county,) for this: that said Thigpen executed his note in writing, signed by himself, in substance as follows:"

"On the first day of January next, I promise to pay J. C. Mundine, five hundred and four dollars, or bearer, for rent of land, this the 27th May, 1856.

"(Signed.)    JOB THIGPEN."

"Whereby he became liable to pay said sum of money, in said note specified, according to the tenor and effect thereof. Yet, though the same has been long due and payable, to pay the same or any part thereof, the said Thigpen has wholly failed and refused, and still fails and refuses, to the damage of petitioner," &c.

Judgment by default was rendered for the amount of the note, and interest thereon, against the defendant, who sued out a writ

of error, and assigned for error, the rendition of judgment on the petition.

*Horton & Ewing*, for the plaintiff in error.

BELL, J.—The petition states no cause of action. (Jennings v. Moss, 4 Texas Rep. 452; Frazier v. Todd, Id. 461; Malone v. Craig, and Lipscomb v. Bryan, 22 Texas Rep. 609.) The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.