## C. C. COLBERTSON v. H. W. BEESON.

Where the suit was on a note payable to C, M, and W, or bearer, but the plaintiff did not aver that he was bearer, holder, or owner, or that he had any connection with the note, he does not show a cause of action.

The plaintiff must state his cause of action in the petition and he must aver wherein the plaintiff is liable to him. It is not enough to aver that he is liable to other persons. (Paschal's Dig., Art. 1427, Note 536.)

APPEAL from Houston. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The suit was brought on a note payable to the * * "or bearer." The plaintiff was not one of the payees, nor did the petition aver delivery to him, or that he was holder or bearer. The judgment was by default. The defendant prosecuted error, and assigned several causes, but not the one on which the case turned. The defendant in error suggested delay, and thus opened up the errors of record. No briefs were filed.

MOORE, J.—This is a suit on a promissory note, payable to William M. Taylor and others, executors of William F. Wall, deceased, or bearer. The execution and delivery of the note to the payees is distinctly averred in the petition; but it is not alleged that the plaintiff, Beeson, is either the bearer or owner of it, or in any way connected with or entitled to enforce the liability created in favor of the payees by the execution and delivery of the note to them. It is unquestionably an elementary principle, that the liability of the defendant to the plaintiff, on the cause of action for which the suit is brought, must be distinctly averred. It is not sufficient to show a right of action in favor of other parties, which, as matter of inference, it may be supposed the plaintiff is entitled to assert. (Moss v. Jennings, 4 Tex., 452; Malone v. Craig, 22 Tex.,

609; Gray v. Osborne, 24 Tex., 157; Thigpin v. Mundine, 24 Tex., 282.)

The judgment is reversed, and the cause

REMANDED.