## S. S. MADDOX ET AL. V. J. T. CRAIG.

### No. 6987.

1. **Variance between Petition and Citation.** — The petition states: "J. T. Craig, assignee of C. W. Israel and J. N. Israel & Co.,  *  *  *  complaining of," etc. The citation served on the defendants designated the plaintiff as "J. T. Craig, assignee of C. W. Israel & Co." *Held*, no material variation, as plaintiff did not sue *as assignee.*

2. **Service Upon Nonresident Defendant.**—It is now settled in this court that service in another State upon a defendant who is a resident therein will not support a mere personal judgment against him.

3. **Stipulated Attorney Fees.** — Attorney fees can not be recovered when stipulated in the note sued on as payable if the note be placed in the hands of an attorney for collection unless the allegation is made that the note was so placed in the hands of an attorney for collection.

ERROR from Clay. Tried below before Hon. P. M. Stine.

The opinion states the case.

*West & McGown* and *Miller & Corrighan*, for plaintiffs in error.—1. The petition having alleged that the defendant in error sued as the assignee of C. W. Israel and J. N. Israel & Co., and the citations pretended to have been served on plaintiffs in error having stated that defendant in error sued as the assignee of C. W. Israel and J. N. Israel & Co. alone, there was such a variance between said petition and citations as made the service fatally defective and void.

The original petition states "J. T. Craig, assignee of C. W. Israel and J. N. Israel & Co., hereinafter styled plaintiff, complaining of S. S. Maddox, John Maddox, and F. M. Maddox," etc. The citations pretended to be served on plaintiffs in error command them to answer petition of J. T. Craig, assignee of C. W. Israel & Co. Rev. Stats., art. 1215.

2. F. M. Maddox having been alleged to be a resident of the State of Tennessee, the District Court of Clay County on a suit on a moneyed demand had no jurisdiction over his person, even though he had been served in the State of Tennessee as required by Texas Revised Statutes, article 130 *et seq.*, and hence the judgment of said court based on such service is erroneous and a nullity. 14th Amend. Const. U. S., sec. 1; Const. of Texas, art. 1, sec. 19; Rev. Stats., art. 1230, *et seq.;* Anderson v. Stewart, 70 Texas, 588; Tibbleman v. Edmonds, 69 Texas, 338; Freeman v. Anderson, 119 U. S., 185; Hart v. Samson, 110 U. S., 151; Mohl v. Mamere, 101 U. S. 417; Brooklyn v. Insurance Co., 98 U. S., 363; Pennoyer v. Neff 95 U. S., 723; Parrott v. Insurance Co., 4 Woods, 355; Rowan v. Shepherd, 2 Wills., 301, 302.

No brief for defendants in error reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This is a writ of error from a judgment by default rendered against the plaintiffs in error as makers of a promissory note.

It is first claimed that the judgment is erroneous because of a variance between the petition and the citations which were served upon the defendants S. S. Maddox and J. W. Maddox. In the petition the plaintiff is styled "J. T. Craig, assignee of C. W. Israel and J. N. Israel & Co." In the citations the defendants are summoned to answer the petition of "J. T. Craig, assignee of C. W. Israel & Co." If the petition had read "J. T. Craig, *as* assignee," etc., there may have been some merit in the assignment. The words "*as* assignee" would have shown that the plaintiff was suing not in his own right, but in a representative capacity, and a citation summoning the defendants to answer the petition of the plaintiff as assignee of persons other than those named in the pleading would have disclosed a variance in a very important particular. The right in which a plaintiff sues is a matter of substance. But the words "assignee," etc., in the petition are merely descriptive of the person, are wholly unnecessary, and may have been stricken out without changing its legal effect. It is alleged in the petition that Craig is the legal and equitable owner of the promissory note upon which the suit is brought, and in legal contemplation it is a suit by plaintiff in his own right. We conclude that the variance in the citation was as to an immaterial allegation and did not render the citation void.

It is to be remarked also that the defendants S. S. Maddox and J. W. Maddox were cited in counties other than that in which the suit was

brought, and that therefore a certified copy of the petition was served upon them. Therefore they were not misled by the citations served upon them.

In the original petition it was alleged that the defendant F. M. Maddox was a resident of Travis County, in this State. A citation issued to that county to him and J. W. Maddox, but as to the former was returned *not found.* The plaintiff then amended, alleging that he was a resident of Shelby County, in the State of Tennessee. Thereupon a notice was issued under the statute, which was served upon him in the county in Tennessee in which he was alleged to reside. He did not appear, and judgment was rendered against him as well as his codefendants by default. The judgment as to F. M. Maddox is erroneous. It is now settled in this court that service in another State upon a defendant who is a resident therein will not support a mere personal judgment against him. Kimmarle v. Railway, 76 Texas, 686; York v. The State, 73 Texas, 651, following Pennoyer v. Neff, 95 U. S., 723.

It is also claimed that the petition is insufficient to support a judgment by default. It is inartificially drawn with respect to the stipulation in the note to pay attorney fees. We think the reasonable intendment to be drawn from the allegations as to that matter is that the note contained a promise to pay attorney fees in the event the note was placed in the hands of an attorney for collection. Under the rule of practice adopted by this court the petition in that particular would be good upon general demurrer (Rule for Dis. Court, No. 17), and hence as to the allegation of a promise to pay attorney fees, sufficient to support a judgment by default. But it is nowhere averred that the note was placed in the hands of an attorney for collection. It was upon the happening of this condition that the liability to pay the attorney fees was to accrue. For the want of such allegation the petition was not sufficient to support a judgment for attorney fees.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 28, 1891.