LOUISVILLE & NASHVILLE RAILROAD COMPANY v. FRED EMERSON ET AL.

Decided May 23, 1906.

**Jurisdiction—Nonresident—Service.**

No personal judgment can be rendered against a nonresident (a railway company created and operating in another State) upon service on it by notice delivered beyond this State, under article 1230 of the Revised Statutes.

Error from the County Court of Collin County. Tried below before Hon. F. E. Wilcox.

*Hawkins & Haynes,* for plaintiff in error.—In suit on moneyed demand in State Court a personal judgment by default against a nonresident defendant, who resides in another State and who was served with notice in such other State, is null and void. York v. State, 73 Texas, 652; Maddox v. Craig, 80 Texas, 600; Donovan v. Hinzie, 60 S. W. Rep., 994; Pennoyer v. Neff, 95 U. S., 714; Wilson v. Seligman, 144 U. S., 45; Cooley's Const. Lim., p. 495.

The rule is also applicable to non-resident corporations that are defendants. Mexican Central Ry. Co. v. Pinkney, 149 U. S., 194; St. Clair v. Cox, 106 U. S., 350; Tillinghast v. Boston & Port Royal Lumber Co., 22 Law Rep. Ann., 49.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by Fred Emerson against the Missouri, Kansas & Texas Railway Company of Texas, the Missouri, Kansas & Texas Railway Company, the Choctaw, Oklahoma & Gulf Railway Company, the Chesepeake & Ohio Railway Company and the plaintiff in error, the Louisville & Nashville Railway Company, for damages on account of alleged injuries and over-charge in freight in the transportation of one mare and colt from Mt. Sterling, Kentucky, to McKinney, Texas; and, said plaintiff having dismissed his suit as against the defendants, The Missouri, Kansas & Texas Railway Company, the Choctaw, Oklahoma & Gulf Railway Company and the Chesepeake & Ohio Railway Company, the court rendered judgment in favor of plaintiff against the defendant, the Missouri, Kansas & Texas Railway Company of Texas, for $125 and certain costs by virtue of a written agreement by and between plaintiff and the said last named defendant filed in the suit, and also rendered judgment in favor of plaintiff against the appellant, the Lousiville & Nashville Railway Company for $200 and all costs of suit.

It appears from plaintiff's second amended original petition, upon which the trial in the court below was had, that plaintiff in error, the Louisville & Nashville Railway Company, is a corporation duly incorporated under and by virtue of the laws of Kentucky and has its office and place of business at Louisville, Kentucky. The record shows that a notice as to a nonresident in accordance with the provisions of article 1230 et seq., of the Revised Civil Statutes of Texas, was issued in this suit on the 28th day of March, 1904, addressed to the Louisville & Nashville Railroad Company, Louisville, Kentucky; and that said notice together with a certified copy of plaintiff's second amended original petition accompanying the same was on the 30th day of March, 1904, in the city of Louisville, county of Jefferson, State of Kentucky, delivered to M. H. Smith as the president of said company. The judgment against plaintiff in error was predicated upon the service of this citation. We think it clear, under the authorities, that the court below had no jurisdiction to render the judgment against the plaintiff in error, and the judgment as to it must therefore be reversed and the cause remanded. (York v. State, 73 Texas, 652; Maddox v. Craig, 80 Texas, 600; Donovan v. Hinzie, 60 S. W. Rep., 994; Pennoyer v. Neff, 95 U. S., 714; Wilson v. Seligman, 144 U. S., 45.)

It appears from the record that there was an agreed judgment rendered in the court below as to the Missouri, Kansas & Texas Railway Company of Texas, the Missouri, Kansas & Texas Railway Company, the Choctaw, Oklahoma & Gulf Railway Company and the Chesepeake & Ohio Railway Company. That judgment will be affirmed. The costs herein are adjudged against appellee Fred Emerson.

*Reversed and remanded in part.*
*Affirmed in part.*