## MISSOURI STATE LIFE INS. CO. v. RHYNE et al.　(No. 10925.)*

(Court of Civil Appeals of Texas. Fort Worth. Feb. 14, 1925. Rehearing Denied April 11, 1925. Second Rehearing Denied May 23, 1925.)

**1. Appeal and error ⟨⟩1010(1)—Reviewing tribunal cannot disturb a finding of fact supported by evidence.**

Reviewing tribunal cannot disturb a finding of fact supported by evidence.

**2. Insurance ⟨⟩627(2)—Service of process on foreign insurance company held sufficient.**

In suit against foreign insurance company, service of process upon insurance commissioner 10 days before first day of the return term, and forwarding by commissioner of citation to home office of defendant, and receipt by company of it there 10 days before default judgment was taken, held sufficient, in view of Rev. St. 1911, arts. 1867, 1934, 1935, 1936, 4761, 4773, 4774.

**3. Judges ⟨⟩46—Trial judge, who was brother to plaintiff's counsel in suit on insurance policy, held not disqualified by reason of such relationship.**

Trial judge, who was a brother to plaintiff's counsel in suit on life insurance policy, was not disqualified to try case by reason of such relationship, where plaintiffs had agreed to pay their counsel a reasonable attorney's fee of 25 per cent. of the recovery, for which defendant had become liable for its failure to pay the policies after proof of death was made, and judgment was sought for that amount, in addition to sums stipulated in policy.

**4. Judgment ⟨⟩101(1)—Petition required to sustain default judgment.**

Default of defendant is equivalent to an admission of truth of all material facts alleged in petition, and if all facts are alleged which are required to be proven to support a recovery, default judgment will be sustained, but if petition fails to state any of those material facts, judgment by default will be reversed on appeal or writ of error prosecuted therefrom.

**5. Judgment ⟨⟩101(2)—Petition in suit on life insurance policy held insufficient to support default judgment.**

In suit on life insurance policy, petition held insufficient to support a default judgment thereon, where it was not alleged that defendant ever agreed to pay policy to plaintiffs, nor were any specific facts alleged from which such an obligation would be implied.

**6. Judgment ⟨⟩101(2)—Petition in suit on life insurance policy held insufficient to support default judgment for attorney's fees and penalties.**

In suit on life insurance policy, petition held insufficient to support default judgment for attorney's fees and penalties under Rev. St. 1911, art. 4746, where there was no allegation that defendant had actually received letter containing notice demanding payment of policy.

On Motion for Rehearing.

**7. Judgment ⟨⟩101(1)—Test of sufficiency of petition to support default judgment stated.**

Proper test of sufficiency of a petition to support default judgment is whether it is good as against a general demurrer, even though subject to special exceptions.

**8. Judgment ⟨⟩101(2)—Allegations in suit on life insurance policy held sufficient against general demurrer, and therefore to support default judgment.**

In suit on life insurance policy, allegations that policy was so changed as to make it payable to plaintiffs as beneficiaries, and that thereafter defendant's agent collected from plaintiffs premiums thereon necessary to keep same in full force and effect, upon representations that same was then valid, held sufficient as against general demurrer, and therefore to support default judgment.

**9. Judgment ⟨⟩17(10)—Court held without jurisdiction to enter default judgment where sheriff did not return citation to clerk of court.**

In suit on life insurance policy, court held without jurisdiction to enter default judgment, where sheriff who served citation did not return it to clerk of court who issued it, but mailed it to counsel for plaintiff, who did not return it to office of clerk until four days after motion for new trial had been filed.

**10. Process ⟨⟩133—Compliance with statutory requirements for service and return of citation necessary for jurisdiction.**

Compliance with statutory requirements for service and return of citation is necessary to confer jurisdiction over defendant.

**11. Process ⟨⟩133—When return is made according to law stated; "return according to law."**

To make a return according to law is not only to return precept to authority that issued it, but to return with it a statement by officer of his doings in executing it, and that statement must contain substantially all of his doings within scope of proper execution—citing Words and Phrases, Second Series, "Return."

**12. Judgment ⟨⟩17(10)—Judgment by default may be rendered only by "return" of officer upon citation.**

The return of an officer upon a citation is an official act upon which court can render a judgment by default, and it is the only legal evidence upon which such action may be taken.

**13. Judgment ⟨⟩145(4)—Defendant moving to set aside default judgment held to make prima facie showing of meritorious defense.**

In suit on life insurance policy with plaintiff securing judgment by default, defendant, in motion to set such judgment aside, held to make a prima facie showing of a meritorious defense to cause of action alleged.

Buck, J., dissenting.

Appeal from District Court, Montague County; Paul Donald, Judge.

Action by W. H. Rhyne and another against the Missouri State Life Insurance Company. Judgment for plaintiffs by default. From an order refusing to set such judgment aside, defendant appeals. Reversed and remanded.

Garnett & Garnett and W. O. Davis, all of Gainesville, for appellant.

J. M. Donald, of Bowie, for appellees.

DUNKLIN, J. The Missouri State Life Insurance Company has appealed from a judgment by default rendered against it in favor of W. H. Rhyne and Mary H. Rhyne for the face value of two life insurance policies, with the statutory penalties and attorneys' fees added. The policies were issued to Elmus H. Rhyne, and dated February 8, 1922.

The judgment by default was based on plaintiffs' original petition. In the petition plaintiffs' residence was alleged to be in Montague county, Tex., where the suit was filed and tried. It was further alleged that:

"The defendant, the Missouri State Life Insurance Company is a life insurance corporation with its home office in St. Louis, Mo., but the said defendant life insurance company has in all things complied with the laws governing the manner of transacting insurance business within the state of Texas, and John M. Scott, Austin, Tex., commissioner of insurance for the state of Texas, is the attorney for service on said defendant company."

On that petition a citation was issued on September 28, 1923, directed to the sheriff or any constable of Travis county, Tex., commanding him to summon the defendant to appear at the next regular term of said court, to be holden on the third Monday in October, 1923, which was the 15th day of October, to answer the plaintiffs' petition by delivering a copy of the citation, and the accompanying certified copy of plaintiffs' petition, to John M. Scott, commissioner of insurance, Austin, Tex., attorney for service for the defendant company.

The citation was in statutory form, and was served on the commissioner of insurance on October 1, 1923, more than 10 days before the beginning of the term. On October 3, 1923, the commissioner of insurance mailed to the defendant at its home office in St. Louis the citation and copy of plaintiffs' petition, which had been served on him, and those documents were received by the defendant on October 5, 1923, 9 full days before the first day of the return term of court.

On October 15th the court convened, and on that day the judge of the court entered a memorandum order on his docket reading, "Passed for appearance day," which was October 16th. On the 18th day of October, which was 12 full days after defendant had received the citation at its home office in St. Louis, Mo., the court rendered judgment by default, and, upon proof offered, against the defendant for the sum of $5,000, the aggregate face value of the two policies sued on, together with $1,250 attorneys' fees and $600 statutory penalty, making in all $6,850. A memorandum of the judgment was by the judge entered on his docket on October 18th, but the judgment was not actually entered in the minutes of the court until November 10th, it being the custom of the court that judgments rendered could be entered in the minutes of the court at any time before adjournment for the term.

The agent of defendant who received the citation at its home office on October 5th placed it on the desk of one of its attorneys who was then absent from the city, and the same did not come to his notice until October 20th, when he returned home. He immediately wired to Messrs. Garnett & Garnett, practicing attorneys in Gainesville, Tex., requesting them to take steps to save a default judgment against the defendant. Those attorneys at once made inquiry by phone to Montague, the county seat, to learn the status of the case, and were erroneously informed that no default judgment had been taken, and they did not learn of that error until October 23d, and on the following day a motion to set aside the judgment was prepared and mailed to the clerk of the court, who received and filed it October 25th, the motion being prepared by Hon. W. O. Davis upon request of Messers. Garnett & Garnett. On October 30th, an amended motion was filed, to which was attached affidavits setting out the facts above recited as to when defendant received the citation, why answer was not filed before the default, and the steps taken to have the default set aside, also a meritorious defense to the suit.

Upon a hearing of the motion and the attached affidavits, which were introduced in support thereof, the same was overruled, and from that order an appeal was taken.

[1] Among the findings of fact filed by the trial judge is one that 12 full days elapsed between the date defendant received the citation in its home office and the date the default judgment was rendered, and that defendant was guilty of negligence in failing to file an answer within that period. That finding has sufficient support in the affidavits referred to, and we cannot disturb it.

We are of the opinion, further, that the service of citation in the manner and for the length of time noted was sufficient to furnish a proper basis for the judgment rendered, if the same had been returned to the clerk on or before the first day of the return term, as required by the statutes. Article 1867 of the Revised Statutes requires service of citation on a defendant for at least 10 days before the first day of the return term of court, exclusive of the days of service and return in order to compel the

defendant to answer to that term. By article 1934, the second day of court is made the appearance day. Under article 1935 it is the duty of the court to call cases on the docket on the appearance day; and under provisions of article 1936 plaintiff may take judgment by default on the appearance day or on any subsequent day of the term "against any defendant who has been duly served with process, and who has not previously filed an answer."

By article 4761 a certificate of authority from the insurance commissioner to do insurance business in the state is required of foreign and domestic companies; and article 4773 provides that such a company shall file with the insurance commissioner a power of attorney appointing him its agent and attorney in fact, to be served with citation or to accept service in any suit against it in the state.

Article 4774 reads:

"Whenever the commissioner of insurance and banking of this state shall accept service or be served with citation in any suit pending against any life insurance company in this state, as provided by the preceding article, he shall immediately inclose the copy of the citation served upon him, or a substantial copy thereof, in a letter properly addressed to the general manager or general agent of the company against whom such service is had, if it shall have a general manager or general agent within this state, and if not, then to the home office of the company, and shall forward the same by registered mail, postage prepaid; and no judgment by default shall be taken in any such cause until after the expiration of at least ten days after the general agent or general manager of such company, or the company at its home office, as the case may be, shall have received such copy of such citation; and the presumption shall obtain, until rebutted, that such notice was received by such agent or company in due course of mail after being deposited in the mail at Austin."

[2] The provision in article 4774, that "no judgment by default shall be taken in any such cause until after the expiration of at least ten days after the general agent or general manager of such company, or the company at its home office, as the case may be, shall have received such copy of such citation," is not necessarily repugnant to article 1867, which provides that:

"In order to compel the defendant to plead at the return term of the court, the citation must be served at least ten days before the first day of such return term, exclusive of the days of service and return."

Service upon the insurance commissioner 10 days before the first day of the return term, and the forwarding by the commissioner of the citation to the home office of defendant and the receipt by the company of it there 10 days before default judgment was taken, was service in compliance with the provisions of both articles before default was taken.

After service of the citation on the insurance commissioner, the sheriff who executed it and made his return thereon showing service mailed it to counsel for plaintiff, who did not file it with the clerk of the court until several days after the default judgment was taken. However, he exhibited it to the court at the time he presented the case. The clerk of the court was the proper person to whom the writ should have been returned, or, at all events, to whom it should have been delivered immediately after plaintiffs' counsel received it, and on or before the return day.

Whether the failure to return the citation to the clerk on or before the first day of the term, or at least on the day the judgment by default was rendered, would of itself render the judgment invalid on this appeal, in view of the decisions to the effect that all statutory requirements relating to service must be strictly followed in order to sustain a default judgment, we shall not determine, since we have concluded that the judgment should be reversed on other grounds hereinafter shown. Some of the decisions referred to are such as Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060, and Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731, holding that the omission of the file number of the suit from the body of the citation, and Le Master v. Dalhart Real Estate Agency, 56 Tex. Civ. App. 302, 121 S. W. 185, holding the omission from the citation of the date the suit was filed, are each fatal to a default judgment upon appeal therefrom. However, in this connection, we think it proper to say that such a departure from a compliance with the plain statutory requirements, to say the least, should not be encouraged.

[3] It was alleged in the petition that plaintiffs had agreed to pay to their counsel 25 per cent. of the recovery as an attorney's fee, which was a reasonable fee for his services and for which defendant had become liable on account of its failure to pay the policies after proof of death made, and judgment was sought for $1,250 on that account, in addition to the sums stipulated in the policies. Under such circumstances, the trial judge, who was a brother to plaintiffs' counsel, was not disqualified to try the case by reason of such relationship. Winston v. Masterson, 87 Tex. 200, 27 S. W. 768; Patton & Wellborn v. Collier, 90 Tex. 115, 37 S. W. 413.

[4] It is a familiar rule that a default of the defendant is equivalent to an admission of the truth of all material facts alleged in the petition; and if all the facts are alleged which are required to be proven in order to support a recovery, the default judgment will be sustained. On the contrary, if the

petition fails to state any of those material facts, the judgment by default will be reversed on appeal or writ of error prosecuted therefrom. Wood. v. City of Galveston, 76 Tex. 126, 13 S. W. 227; Colbertson v. Beeson, 30 Tex. 76; Malone v. Craig, 22 Tex. 609; Seastrunk v. Pioneer Savings Ass'n (Tex. Civ. App.) 34 S. W. 466; Thigpen v. Mundine, 24 Tex. 282; Maddox v. Craig, 80 Tex. 600, 16 S. W. 328; Texas Auto & Supply Co. v. Magnolia Petroleum Co. (Tex. Civ. App.) 191 S. W. 573, and other decisions there cited; 34 Corpus Juris, pp. 153, 175.

Tested by that rule, plaintiffs' petition was insufficient to support the judgment by default. That portion of the petition which sets out the two policies sued on is as follows:

"These plaintiffs would represent that on February 8, A. D. 1922, the defendant life insurance company did execute for a consideration to it in hand paid by Elmus H. Rhyne, two certain life insurance policies, described as follows, to wit:

"First. A certain insurance policy, No. 384761, dated February 8, A. D. 1922, issued by said defendant insurance company, payable to Selma F. Rhyne, as beneficiary, being in the amount of $2,000, conditioned that upon the death of the said Elmus H. Rhyne, who in error in said policy was styled and named as Elmers H. Rhyne, said amount of money would be paid to the said beneficiary or to any beneficiary thereinafter named.

"Second. A certain insurance policy, executed by said defendant company upon the life of Elmus H. Rhyne (Elmers H. Rhyne), No. 384762, dated February 8, A. D. 1922, in the principal sum of $3,000, conditioned that upon the death of the said Elmus H. Rhyne (Elmers H. Rhyne), the said amount provided in said policy would be paid to the said beneficiaries."

[5] Neither in the preceding nor subsequent portions of the petition were plaintiffs referred to as "beneficiaries," although they were alleged to be father and mother of the insured. In another paragraph of the petition it was alleged that the first policy was so changed as to be made payable to the plaintiffs. In another paragraph it was alleged that during the insured's illness plaintiffs paid the premiums on both policies, but there was no allegation in the petition that the defendant ever undertook and agreed to pay the second policy to the plaintiffs, nor were any specific facts alleged from which such an obligation would be implied. In fact, there is an absence of any allegation of the names of the "beneficiaries" of the second policy. Manifestly, the petition did not show a right in plaintiffs to recover upon the second policy.

In Colbertson v. Beeson, 30 Tex. 76, the following was said by Justice Moore:

"The execution and delivery of the note to the payees is distinctly averred in the petition; but it is not alleged that the plaintiff, Beeson, is either the bearer or owner of it, or in any way connected with or entitled to enforce the liability created in favor of the payees by the execution and delivery of the note to them. It is unquestionably an elementary principle, that the liability of the defendant to the plaintiff, on the cause of action for which the suit is brought, must be distinctly averred. It is not sufficient to show a right of action in favor of other parties, which, as a matter of inference, it may be supposed the plaintiff is entitled to assert."

The following is another paragraph in plaintiffs' petition:

"These plaintiffs would represent that within a short time after his death, these plaintiffs, through their attorney, J. M. Donald, Bowie, Tex., wrote the Missouri State Life Insurance Company, St. Louis, Mo., a letter informing said company of the death of the said Elmus H. Rhyne, and asked that payment be made under the provisions of the said two policies executed by said company as hereinbefore alleged, and requested that proof of death be duly forwarded unto these plaintiffs."

In succeeding paragraphs plaintiffs alleged that more than 60 days had elapsed since the writing of that letter by plaintiffs' counsel, and that no response had been received from the defendant company to that letter, and by reason of its failure to pay the policies in accordance with that demand the defendant had become liable to plaintiffs for $1,250 attorney's fees, and for 12 per cent. of the face value of the policies, or $600, as a statutory penalty, in addition to the sum of $5,000, the aggregate of the face value of the two policies. There was no allegation that the defendant had actually received such notice.

[6] If the defendant had answered and the case had been tried, proof by plaintiffs that their attorney had written such a letter to the defendant would not have been admissible as prima facie evidence of the receipt of the notice of the death of the insured, and of the demand for payment of the policies, without further proof that the letter so written had been duly stamped, properly addressed, and deposited in the United States mail, or else delivered by some one in person. Hence the allegation in the petition of the mere writing of the letter would not support a default judgment for the attorney's fee and the penalty, and for which a recovery was awarded. Recovery of penalties or attorney's fees was based upon the statutes of Texas, giving the right thereto if an insurance company refuses payment of the policy which it justly owes. Article 4746, Revised Statutes.

The petition did not allege that the policies were delivered to the insured in Texas, and that they thereby became contracts governed by the laws of this state. Appellant insists that it appears inferentially that the policies were delivered to the insured in the state of Oklahoma, where he then resided, and that therefore they were Oklahoma con-

tracts, and that article 4746 of our statutes would not be applicable thereto. In support of that contention, the appellant has cited Ætna Life Ins. Co. v. Duncan, 266 U. S. 389, 45 S. Ct. 129, 69 L. Ed. 342; Cravens v. New York Life Ins. Co., 148 Mo. 583, 50 S. W. 519, 53 L. R. A. 305, 71 Am. St. Rep. 628; W. U. Tel. Co.· v. Smith (Tex. Civ. App). 188 S. W. 702; 17 Corpus Juris, 719.

Whether or not plaintiffs' petition is subject to that interpretation, and, if not so, whether or not, in the absence of an allegation as to where the contracts of insurance were consummated, the presumption would be indulged that the laws of any state other than Texas, in which the policies were delivered, are the same as the laws of Texas on the same subject, we shall not undertake to determine, since the case is to be reversed on other grounds hereinbefore noted.

For the reasons noted, the judgment is reversed, and the cause is remanded.

### On Motion for Rehearing.

Counsel for appellant have not favored us with any reply to the appellees' motion for rehearing, wherein additional arguments are advanced and numerous authorities are cited and ably discussed in support thereof, which were not embraced in their original briefs.

The following is said in appellees' written argument in support of their motion for rehearing:

"The appellees have ardently stressed the proposition that this appeal is an improper one to decide any question other than: 'Did the trial court abuse his discretion in overruling such motion that was not timely filed, and which did not set up a sufficient legal excuse for the defendant not having answered as the law directed?' "

In E. P. & S. W. Ry. v. Kelley, 99 Tex. 87, 87 S. W. 660, cited by appellees, the following was said:

"If a motion to set aside a judgment by default be filed more than two days after the judgment was entered, and if sufficient excuse be not given for the failure to file an answer, or to file the motion within the time prescribed by law, it is in the discretion of the court to grant or refuse the motion. If, however, the showing be made that the party applying for the relief was not in fault in failing to file his answer, nor in failing to file the motion within the time allowed by law, then the rights of the parties are the same as if the motion had been filed in time. Foster v. Martin, 20 Tex. 120. In the case cited the court said: 'To entitle the defendant to have the judgment set aside, as a matter of legal right, he should have brought his application substantially within the rules governing the granting of new trials. He should have made his application within the time prescribed, or shown some sufficient excuse for his neglect. His applications should have shown a sufficient excuse for his failure to appear and make his defense to the action within the time allowed for pleading, and also that he had a meritorious defense."

Our disposition of the appeal on original hearing was not upon the theory that the trial court had abused his discretion in overruling the motion for a new trial because appellant had negligently failed to file an answer. Indeed, we expressly said that the finding of the court that appellant was guilty of negligence in failing to answer the petition before default judgment was taken could not be disturbed by this court. Our decision was based on the insufficiency of the petition to support the judgment rendered. That presented the question of fundamental error, and not one of abuse of discretion, and that error was assigned in the motion for new trial and in briefs of appellant filed in this court.

Counsel for appellees have cited numerous decisions holding, in effect, that unless the petition is so defective that the rendition of a judgment thereon would be fundamentally erroneous, a judgment based thereon will not be disturbed on appeal even though the petition would have been subject to special exception for failure to allege some particular fact or facts. Those decisions also announce the rule that, in construing a petition as against a general demurrer, every reasonable intendment should be indulged in favor of the plea. The following are some of the cases cited: Stallings v. Wood (Tex. Civ. App.) 267 S. W. 537; State Banking Board v. Pilcher (Tex. Civ. App.) 256 S. W. 996; Paine v. Hart-Parr Co. (Tex. Com. App.) 228 S. W. 121; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 240; Hovencamp v. Union Stockyards Co., 107 Tex. 421, 180 S. W. 225; Davis v. Burkholder (Tex. Civ. App.) 218 S. W. 1101; Dorrance v. I. & G. N. Ry. Co., 53 Tex. Civ. App. 460, 126 S. W. 698; Pa. Fire Ins. Co. v. Jameson, 31 Tex. Civ. App. 651, 73 S. W. 418; Northwestern National Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185; Gibbens v. Bourland (Tex. Civ. App.) 145 S. W. 274.

In other words, it is held in those cases, and in numerous others which might be cited, that a petition which is good as against a general demurrer will support a judgment by default even though it be subject to special exceptions.

In Kimmarle v. H. & T. C. Ry. Co., 76 Tex. 686, loc. cit. 694, 12 S. W. 698, 701, it is said:

"In determining the sufficiency of a pleading to support a judgment by default the averments of the pleading are to be taken as proved or confessed; and if the pleading does not inform the court what judgment to render—that is, if it does not with sufficient certainty set forth the cause of action as to names of parties, dates, amounts, etc., to enable the court to render judgment without information aliunde—it is not sufficient, and the judgment can not be sustained."

Following the text announced in that decision, we concluded on original hearing that the allegations in the plaintiffs' petition, seeking a recovery on the first policy for $2,000, were insufficient to support the default judgment rendered thereon, since there was no allegation that the alleged change in that policy, making plaintiffs the beneficiaries instead of Selma F. Rhyne, was agreed to by some duly authorized agent of the defendant company, and that after the change was so made it was redelivered to the insured. Proof of those facts would have been necessary in order to accomplish the alleged change of beneficiaries and render the defendant liable to plaintiffs as such.

[7] Upon further consideration of the authorities, we have concluded that the proper test of the sufficiency of a petition to support a default judgment is whether or not it is good as against a general demurrer, even though subject to special exceptions, and that the decision in the Kimmarle v. Railway Company Case should not be construed as holding otherwise. We have reached the conclusion that the allegations in the petition relative to the first policy, to the effect that that policy was so changed as to make it payable to the plaintiffs as beneficiaries instead of to Selma F. Rhyne, and that after such change B. F. Townsend, defendant's agent, collected from the plaintiffs the premiums on said policy necessary to keep the same in full force and effect until October 8, 1923, upon representations that the same was then a valid and subsisting policy, were sufficient as against a general demurrer and therefore a proper basis for a default judgment.

In 21 R. C. L. p. 441, the following is said:

"The allegation of a conclusion of law raises no issue, need not be denied, and its truth is not admitted by a demurrer to the complaint containing it; and while such conclusions do not help in any way, and may properly be stricken out on motion, it is equally well settled that a pleading is not rendered insufficient because it contains legal conclusions in addition to the facts which properly belong in it. Generally, pleadings are demurrable where conclusions of law are set forth therein, in lieu of pleadable facts; and denials based thereon are insufficient to tender an issue. Yet where a pleading is defective in this respect, and such defect can be reached by a motion to make it more specific, the objection cannot be taken by demurrer. * * * Where a question in a particular case is held to be one of mingled law and fact, it is permissible, and may be proper, to plead both the fact and the legal conclusion. * * * The probative facts requisite to prove ultimate facts are matters of evidence, and need not be pleaded; and the same rule applies to conclusions derived from the evidence. * * * It is to be observed that there is an essential difference between matters of pleading and matters of evidence; in pleading, facts must be directly and positively averred, while, as matter of evidence, conclusions may be inferred, without positive statements, from facts and circumstances."

In addition to authorities cited above, see Canales v. Perez, 65 Tex. 291.

However, we adhere to the conclusion reached on original hearing that that portion of the petition seeking a recovery on the second policy was insufficient to serve as a basis for a judgment by default thereon, since we are of the opinion that, for the reasons pointed out in the original opinion, the petition in that respect was subject to a general demurrer.

[8, 9] The sheriff who served the citation did not return it to the clerk of the court who issued it. He mailed it to counsel for plaintiff, who exhibited it to the court at the time default judgment was taken. Counsel did not then deliver the citation to the clerk or leave it with the papers of the case, but took it to his office and there kept it for several days before delivering it to the clerk or depositing it with the papers in the clerk's office. On original hearing we did not undertake to determine whether or not that departure from the plain statutory requirements for a return of the citation to the clerk who issued it would be fatal to the entire judgment by default. But upon further consideration we have reached the conclusion that that question should be answered in the affirmative. In the opinion on original hearing we cited several decisions holding that to support a judgment by default the statutory requirements relative to issuance and service of citation must be strictly followed. Those decisions had special reference to the contents of the citation. A compliance with the statutory requirements, with reference to the service and return of the citation, is necessary to confer jurisdiction over the defendant. While the statute does not specifically require the return of citation to be made to the officer of the court issuing it, yet that duty is clearly implied.

The following definition given in Black's Law Dictionary of the word "return" is quoted in Clyatt v. United States, 197 U. S. 207, 25 S. Ct. 429, 49 L. Ed. 726:

"The act of a sheriff, constable, or other ministerial officer, in delivering back to the court a writ, notice, or other paper."

[10] Another definition is shown in 4 Words & Phrases, Second Series, page 375:

"To make a 'return according to law' is not only to return the precept to the authority that issued it, but to return it with a statement by the officer of his doings in executing it, and that statement must contain substantially all of his doings, within the scope of proper execution."

The following is taken from the syllabus in the case of Nelson v. Cook, 19 Ill. 440:

"A return of an officer to an execution is not simply his indorsement upon the process, but

is the actual placing of it in the office from which it is issued. Until then he may change the indorsement, and afterwards, only by permission of the court."

The following was said in Hogue v. Corbit, 156 Ill. 546, 41 N. E. 221, 47 Am. St. Rep. 236:

"The return of an officer to process is not simply his indorsement upon it, but is the actual placing of it in the office from which it was issued, and the file mark of the clerk indicates the date of the return. Nelson v. Cook, 19 Ill. 440; Cariker v. Anderson, 27 Ill. 358."

In Albright-Pryor Co. v. Pac. Selling Co., 126 Ga. 498, 55 S. E. 251, 115 Am. St. Rep. 108, the following was said:

"To authorize a judgment against a person who has not appeared and answered or otherwise submitted himself to the jurisdiction of the court, there must be not only service upon such person, but also a legal return of such service. Until service has been made and a legal return entered, the court is without jurisdiction to enter judgment against a defendant who has not appeared. Wood v. Callaway, 119 Ga. 801, 47 S. E. 178, and cases cited."

As shown by affidavit of the clerk of the court attached to defendant's amended motion for new trial, the citation was not returned to the office of the clerk by plaintiffs' counsel until October 29, 1923, which was four days after the motion for new trial had been filed, and the judgment was not written up upon the minutes of the court until even a later date.

[11] The return of an officer upon a citation is an official act upon which the court can render a judgment by default, and it is the only legal evidence upon which such action may be taken. Until the return is made to the clerk and becomes a part of the papers in the case, the sheriff may amend or change his return; but after it becomes a filed paper he cannot amend it without permission from the court. In the opinion of the majority, the exhibition of the return to the court, at the time the default judgment was taken and before the return came into the custody of the clerk of the court, could be given no superior legal effect to the oral testimony of the sheriff that he had served the defendant at the time and in the manner specified in the return.

Evidently the purpose of the statutory provision that the citation with the officer's return thereon showing service shall be returned to the official issuing it, on or before the first day of the term of court, is to give notice of such service. A defendant in a suit under the same circumstances as here shown might examine the records, and, after finding no return of service as required by statute, might proceed upon the assumption that no default judgment could be taken against him for lack of such return, and for that reason might fail to file answer which he would file if the return of service had been duly made.

In 34 Corpus Juris, 147, the following is said upon authorities cited:

"Since the policy of the law is to have every litigated case tried on its merits, judgments by default are not favored, and as such a judgment deprives defendant of substantial rights, it is lawful only when duly authorized."

That policy of the law is exemplified in the decisions of this state referred to in original opinion, exacting strict compliance with statutory requirements relative to service of citation in order to sustain a judgment by default. And we are of opinion that lack of a proper return of the citation in accordance with the requirements of the statutes before the default judgment was taken was fatal to the entire judgment.

[12, 13] It is to be noted further that in the motion for new trial there is strong showing of a meritorious defense to both policies. That proof consists of affidavits of representatives of defendant company to the effect that the policies had lapsed for nonpayment of premiums, and that the insured had been importuned by the agent of the defendant to keep them in force by continuing the payment of the premiums, but that he had declined to do so for lack of means. According to those affidavits the payment of premiums alleged in plaintiffs' petition were made to cover a period which expired before the policies were forfeited by failure to pay later premiums. While the trial judge found that no meritorious defense had been shown by the defendant in its motion for a new trial, it further appears that upon the hearing of that motion the affidavits of the defendant's representatives referred to above were considered by the court, and no evidence was offered to rebut the same. Therefore, we are of the opinion that there was prima facie showing in the motion for rehearing of a meritorious defense to the cause of action alleged.

Accordingly, the motion for rehearing is overruled.

### On Second Motion for Rehearing.

PER CURIAM. Rehearing denied.

BUCK, J. (dissenting). At the time appellees' first motion for rehearing was under consideration, and the majority of the court indicated that they were disposed to overrule the motion on the ground discussed in the original opinion, I dissented, and expressed the grounds of my dissent in writing. Subsequently, Justice DUNKLIN receded from the contention that the plaintiffs' petition was bad as against a general demurrer, in so far as the $2,000 policy was concerned. As to a recovery on this policy, the judgment was reversed and remanded solely on the

ground that the citation issued out of the district court was not returned to the clerk of the court, but to the attorney for plaintiffs, and was not returned to the custody of the clerk until several days after the judgment was entered. The evidence shows that the officer serving the process returned it by sending it to the plaintiffs' attorney, probably with attached thereto a draft for his fees. The attorney exhibited to the court before and at the time of the entry of the judgment the citation showing due service and return thereof. It seems that the attorney for plaintiffs, after the entry of the judgment had been made, took the return of the citation, together with the other papers, probably for the purpose of preparing the judgment, to his office, and that such return was not left with the clerk of the court until several days later. There is nothing in the record to support the inference that the failure of the sheriff to return the citation directly to the clerk misled the counsel for defendant, or contributed to cause the failure of such counsel to file an answer. While the writer does not dissent from the authorities cited in the opinion on motion for rehearing as to the duty of a sheriff or constable in regard to making a "return" on the citation, nor as to the fact that the clerk is the proper custodian of all court papers, yet we find no statutory authority requiring the filing of returns by the clerk. In fact, this court has held, in an opinion by Justice Dunklin, in Cloyes et al. v. Philip et al., 149 S. W. 549, that, there being no statute specifically requiring the clerk to indorse his file mark on a citation after its return, and the citation being regarded as filed, as a matter of law, when returned to the clerk's custody, that it was immaterial that there was no indorsement of filing by the clerk thereon. See Lessing v. Gilbert, 8 Tex. Civ. App. 174, 27 S. W. 751. Every lawyer and judge knows that attorneys of record are permitted to temporarily withdraw from the clerk's manual custody any papers in a case, when necessary for the preparation of further pleadings, or for the preparation of his brief, etc. The judgment recites that the court was aware that service was affected, and in fact that citation was before the court at the time of the entry of the judgment. There is no question as to the service upon the appellant company, and the trial court in his findings held that such service was had in due time, and that no good reason was shown for the failure on the part of defendant to file an answer before appear-

ance day. In Lessing v. Gilbert, supra, it is said:

"In the absence of a statement of facts, it would be presumed that all evidence necessary to authorize the judgment was before the court. It should be presumed in this case that the 'citation' authorizing the judgment was exhibited to the court before judgment. The fact that it was not marked 'Filed' until afterwards would only indicate a clerical omission, which would not affect the validity of the judgment. Callison v. Autry, 4 Tex. 371."

The writer is of the opinion that the judgment as to the $2,000 policy, especially as to the face value of the policy and interest, should not be reversed, but should be affirmed. Nor does the writer think that the allegation in the petition that plaintiffs' attorney "wrote the Missouri State Life Insurance Company, St. Louis, Mo., a letter informing said company of the death of the said Elmus H. Rhyne, and asked that payment be made under the provisions of the said two policies executed by said company as hereinbefore alleged, and requested that proof of death be duly forwarded unto these plaintiffs," makes the petition bad as against a general demurrer. The petition further alleges that:

"These plaintiffs would represent that more than 60 days have elapsed since request was made as hereinbefore alleged, and that no response has been received whatsoever from said company as to whether or not payment under the terms of said policies would be paid, or refused, and that by reason of the company's negligence or failure to make payment under said policies in accordance with said request," etc.

The writer believes that the failure of the petition to allege that the letter was properly addressed to the insurance company, and properly stamped and mailed, is a defect against which a special exception should have been sustained, but that the petition is not bad as against a general demurrer.

For the reasons stated, the writer is of the opinion that at least the judgment as to the face value and interest on the $2,000 policy should be affirmed. He is not thoroughly satisfied that the plaintiff is not entitled to recover the penalty and attorney's fee on this policy; nor is he thoroughly satisfied that the judgment as to the $3,000 policy should be reversed. As to the latter matter, however, he is inclined to agree with the majority as to the disposition of the appeal.