CURETON, C. J. Opinion of the Commission of Appeals is adopted, and the writ of mandamus refused.

———

**RHYNE et al. v. MISSOURI STATE LIFE INS. CO. (No. 791—4451.)**

(Commission of Appeals of Texas, Section A. March 2, 1927.)

**1. Judgment ⬅17(10)—That sheriff did not return citation to clerk of court held not fatal to default judgment, in view of presumption that it was exhibited to court.**

In absence of evidence to the contrary, sheriff's citation, duly served on defendant, will be presumed exhibited to court at time it pronounced default judgment, and failure of sheriff to return citation to clerk of court is not fatal to such judgment.

**2. Judgment ⬅101(1)—Petition must show good cause of action to support default judgment.**

If the allegations of a petition, by indulging all reasonable intendments, fail to show defendant's liability to plaintiff on the cause for which the suit is brought, the petition will not support default judgment.

**3. Judgment ⬅101(2)—Petition in suit on life insurance policy, failing to show that policy was payable to plaintiffs or defendant's liability thereon, held insufficient to support default judgment.**

Where petition in suit on life insurance policy failed to allege that the policy was payable to the plaintiffs or that defendants were liable to them thereon, it was fatally defective and would not support a judgment of default.

**4. Judgment ⬅101(2)—Allegations showing life policy was payable to plaintiffs held to support default judgment in suit thereon.**

In suit on life insurance policy, allegation that policy was changed so as to make it payable to plaintiffs, and that defendant's agents represented that the same was valid, *held* sufficient to support default judgment.

**5. Judgment ⬅118—Petition in suit on life policy held to support default judgment for attorney's fees and penalties, under statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 4746).**

Allegations that one bringing suit on ·life insurance policy wrote a letter demanding payment from the company for death of insured *held* to show sufficient demand, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, to support default judgment for attorney's fees and penalties, though not alleging that letter was stamped, addressed, and deposited in mails for transmission to defendant.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by W. H. Rhyne and another against the Missouri State Life Insurance Company. From a judgment of the Court of Civil Appeals (276 S. W. 757), reversing a default judgment for plaintiffs, plaintiffs bring error. Reversed in part, and affirmed in part.

C. A. Williams, of Childress, for plaintiffs in error.

E. E. Diggs, of Childress, for defendant in error.

HARVEY, P. J. The plaintiffs in error brought this suit against the Missouri State Life Insurance Company, the defendant in error, upon two policies of life insurance issued by said company upon the life of Elmus H. Rhyne, who died subsequent to the issuance of the policies. One of the policies is for the sum of $2,000, and the other for $3,-000. The defendant in error was duly served with citation, but, failing to appear in due time, judgment by default was rendered in favor of the plaintiffs in error for the face amount of said two policies, together with 12 per cent. penalty and 25 per cent. reasonable attorney's fee. At the time such judgment was rendered the citation, which had been served upon the defendant in due time, had not been returned to the clerk or filed by him and was not delivered to and filed by him until several days later. The judgment recites due service of citation and states the date thereof.

From said judgment the defendant in error appealed to the Court of Civil Appeals, which court reversed the said judgment and remanded the cause on the ground that said citation had not been delivered to the clerk and filed by him when said judgment was rendered. 276 S. W. 757, 761.

[1] We do not think that there is any merit in the contention of the defendant in error to the effect that a citation, which has been duly served, and the officer's return, showing due service indorsed thereon, must be delivered to the clerk and filed by him before a judgment by default may be taken against the defendant. There is no statutory requirement to that effect. In the absence of such a statutory requirement, it will be presumed, at least in the absence of evidence to the contrary, that such citation and return were actually exhibited to the court at the time the judgment by default was rendered. The Court of Civil Appeals committed error in holding otherwise and in reversing the judgment of the trial court on that ground.

[2] If the averments of the petition fail to show, by indulging all reasonable intendments, a liability of the defendant to the plaintiff on the cause of action for which the suit is brought, the petition will not support a judgment by default. Colbertson v. Beeson,·

———

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

30 Tex. 76;. Malone v. Craig, 22 Tex. 609; Thigpen v. Mundine, 24 Tex. 282; Maddox v. Craig, 80 Tex. 600, 16 S. W. 328.

[3] Concerning the $3,000 policy sued on here, the petition totally fails to show that said policy is payable to the plaintiffs in error, or that the defendant in error is liable to them thereon. The petition therefore is fatally defective in this respect and does not support the judgment in so far as it awards a recovery for the face amount of said policy, together with 12 per cent. damages and 25 per cent. attorney's fees thereon.

[4] The averments of the petition concerning the $2,000 policy are sufficient to support said judgment to the extent that it awards a recovery of the sum of $2,740—such amount being the face amount of said $2,000 policy, together with 12 per cent. damages and 25 per cent. attorney's fees thereon. The allegations of the petition show with sufficient certainty that said last-named policy is payable to the plaintiffs in error, and that the defendants in error are liable to them therefor.

[5] The allegations of the petition, which form a basis for recovery of damages and attorney's fees on the last-named policy, are, in substance, that a short time after the death of said Elmus H. Rhyne the plaintiffs in error, through their attorney, J. M. Donald, "wrote the Missouri State Life Insurance. Company, St. Louis, Mo., a letter informing said company of the death of said Elmus H. Rhyne, and asked that payment be made under the provisions of said two policies executed by said company, as hereinbefore alleged, * * * that more than 60 days have elapsed since request was made, as hereinbefore· alleged, and that no response has been received whatsoever from said company as whether or not payment under the terms of said policy would be paid or refused, and that by reason of the company's negligence or failure to make payment under said policies in accordance with said request," the plaintiffs in error were compelled to employ an attorney to prosecute suit thereon, for which services they had agreed to pay the attorney 25 per cent. of the amount recovered, which amount is alleged to be reasonable. The petition alleges liability on the part of the defendants in. error for 12 per cent. of the face of the policies, as "statutory penalty," amounting to $600, "for the nonpayment under the terms of said policies within 30 days from the date of demand, which was on June 2, 1923."

We do not agree with the contention of the defendant in error to the effect that the foregoing allegations are insufficient to show a demand for the payment of said policies, as is required by article 4746 of the Statutes, to support a recovery for damages and attorney's fees. Although it is not alleged that the letter, which is alleged to have been written, was duly stamped and addressed and· deposited in the mails for transmission to the defendant in error, we think that the reasonable intendments arising from the above allegations sufficiently show that such acts were done. Considering the above allegations, aided by the reasonable intendments thereof, we are of opinion that same show with sufficient certainty that payment of the policies was demanded of the defendant in error by the plaintiffs in error, as required by the statute, and that said judgment was properly rendered for 12 per cent. on the amount of said $2,000 policy as damages, and 25 per cent. attorney's fees thereon.

We therefore recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, be affirmed, in so far as the said $3,000 policy and the damages and attorney's fees thereon are concerned; but that said judgment of the Court of Civil Appeals, in so far as it affects the said $2,000 policy, be reversed, and the judgment of the trial court be affirmed to the. extent of $2,740 of the amount recovered by plaintiffs in error thereunder (said last-stated amount being the face amount of said $2,000 policy, with $240 penalty and $500 attorney's fees added thereto), together with interest thereon from the date of said judgment (October 18, A. D. 1923), at the rate of 6 per cent. per annum.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed in part and affirmed in part, as recommended by the Commission of Appeals.

PIERSON, J., not sitting.