### POSTAL MUT. INDEMNITY CO. v. ELLIS.

#### No. 3932.

Court of Civil Appeals of Texas. Beaumont. April 23, 1942.

Rehearing Denied May 6, 1942.

William C. Ross, Jr., of Beaumont, for appellant.

Adams & Hillin, of Jasper, for appellee.

COMBS, Justice.

This is a workmen's compensation case, with appellee, K. E. Ellis, as the employee, appellant, Postal Mutual Indemnity Company, the compensation insurance carrier, and Bellar-Smalley, Inc., the employer. Upon appropriate jury findings of total, permanent disability, judgment was entered in favor of appellee for $2,962.82, plus $57.81 accrued interest, payable in a lump sum. Of this amount two-thirds was decreed to appellee and one-third to his attorneys, Adams & Hillin.

The most serious matter presented on this appeal is the contention of appellant that the trial judge was disqualified to try this case because he is the father of one of the attorneys for appellee. Before discussing that question we will first dispose of a few assignments which call for a brief discussion.

By its second point, appellant contends that a conflict exists between the finding of the jury that appellee had suffered no partial incapacity and the finding in response to special issue No. 18, which was as follows:

"For what period of time, if any, of such partial incapacity, if any, do you find from a preponderance of the evidence was sustained by K. E. Ellis from and after the beginning date, if any?", to which the jury answered "Permanent." The contention is overruled. The jury found in unmistakable terms that appellee had suffered no partial incapacity, but that his incapacity was total. Issue No. 18, quoted

above, did not submit to the jury the issue vel non of partial incapacity but only the issue of its duration. In view of the finding that appellee had suffered no partial incapacity, the answer to special issue No. 18 was not determinative of any controlling issue. Millers' Indemnity Underwriters v. Schreiber, Tex.Civ.App., 240 S.W. 963; Commercial Casualty Ins. Co. v. Strawn, Tex.Civ.App., 44 S.W.2d 805; Traders & General Ins. Co. v. Ross, Tex. Civ.App., 88 S.W.2d 543.

■ The third point is that the jury's finding of total, permanent incapacity "is against the great weight and preponderance of the evidence." This contention is overruled. On appellee's testimony, he had not been able to do any work since his injury, and at the time of the trial was unable to do any kind of work. His medical testimony was to the effect that he had suffered a forward displacement of the fourth lumbar vertebrae and was suffering from spondylolisthesis as the result of a trauma, and that this condition would totally and permanently incapacitate him from doing any sort of manual labor.

We also overrule the fourth point, to the effect that the evidence does not support a finding in appellee's favor of a lump sum settlement. We have carefully reviewed the testimony on the point and find that it is ample to support the jury's finding on the issue.

■■ We also overrule appellant's fifth point which complains that special issue No. 21 improperly placed the burden of proof. That issue inquired as to whether or not any other employee of the same class had worked substantially the whole of the preceding year in the same or similar employment. Appellee plead his weekly wage alternatively under Subsections 1, 2 and 3 of Section 1 of Article 8309. On the proof, it is not disputed that appellee had not worked in the employment in which he was injured substantially the whole of the preceding year, and that there was no other employee of the same class in the same or similar employment who had worked substantially the whole of the year preceding his injury. On this statement, the placing of the burden of proof was immaterial. However, we will remark that the form of the issue was not error under American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80.

■ By its seventh point, appellant complains of the court's refusal to submit the following issue:

"Do you find from a preponderance of the evidence that plaintiff's incapacity, if any, to work and earn money, is due solely to a cause or causes not attributable to his alleged injury of October 21, 1940? Answer 'Yes' or 'No'."

This point is overruled as being without support in the evidence. The fact that at one time the doctors thought that appellee had fully recovered, and later were of the opinion that he was suffering a total, permanent incapacity did not raise the issue that his incapacity was "due solely to a cause or causes not attributable to his alleged injury of October 21, 1940."

We now come to a discussion of the point urging the disqualification of the trial judge.

■ Mr. T. Gilbert Adams, of the firm of Adams & Hillin, appellee's attorneys, is the son of the presiding judge, Hon. F. Pat Adams. Appellant's first point is that Judge Adams, because of this relationship, was disqualified to preside at the trial and to enter judgment against it. This point is controlled by Art. 15, R.C.S.1925: "No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case"; and by the following provisions of Art. 5, Sec. 11, of our State Constitution: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case. * * * When a judge of the District Court is disqualified by any of the causes above stated, the parties may, by consent, appoint a proper person to try said case * * *." Defining the word "parties" as used in the statute and Constitution, our Supreme Court in Winston v. Masterson, 87 Tex. 200, 27 S.W. 768, said:

"The word 'party,' there, is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether at law or in equity; the party plaintiff or defendant, whether composed of one or more individuals, and

whether natural or legal persons. They are parties in the writ, and parties on the record, and all others who may be affected by the writ, indirectly or consequentially, are persons interested, but not parties."

In that case the presiding judge was a brother of H. Masterson, attorney for Mr. Davis, one of the parties to the litigation; Davis had contracted with Mr. Masterson to give him a contingent interest of one-half in his recovery. The Supreme Court ruled that the contingent fee paid his brother did not disqualify him to try the case. In Missouri State Life Ins. Co. v. Rhyne, Tex.Civ.App., 276 S.W. 757, opinion by Commission of Appeals, 291 S.W. 845, it was ruled that the trial judge was not disqualified by reason of the fact that his brother, attorney for the plaintiff, had a contingent interest of twenty-five per cent of the recovery as his attorney's fee. In that case the court construed Art. 4736, awarding the claimant twelve per cent damages as reasonable attorney's fees and the duty rested on the court to decide the issue of reasonable attorney's fees. In Texas Employers Ins. Ass'n v. Howell, Tex.Civ.App., 107 S.W.2d 391, wherein the claimant's attorney was allowed one-third of his recovery, the court ruled "plaintiff's counsel in this case, strictly speaking, are not parties litigant." The same ruling was made in Indemnity Ins. Co. of North America v. Jago, Tex. Civ.App., 12 S.W.2d 817. And on the conclusion that the attorney, though named in the judgment, was not party to the litigation, the court ruled in Fidelity Union Cas. Co. v. Dapperman, Tex.Civ.App., 53 S.W. 2d 845, that since the attorney was not a party to the litigation, though named in the judgment, he was not liable for the costs.

█ On authority of the cases above cited, it is our conclusion that Judge Adams was not disqualified to try this case under the settled law of this state, even though his son as attorney was named in the petition, and under Art. 8306, Subd. 7d, Vernon's Ann.Civ.St. Art. 8306, § 7d, it was his duty to pass upon the question of attorney's fee.

We have announced above what we conceive to be the rule as established by the decisions of the courts of our state. But we recognize that the question presented is one of general interest to Bench and Bar, and merits thoughtful consideration of its implications. The saying of "like father like son" has its application as much in lawyer's families as in families of other professional people. Each member of this court has one or more sons in the practice of law, and no doubt the majority of the judges in Texas have sons who are in the practice. It would no doubt work some inconvenience to establish a rule which would tend to hamper a son's practice merely because his father happened to occupy a judicial position. But even so, there is a serious question of public policy involved. Lawyers and litigants would be less than human if they did not feel at some disadvantage when appearing before a judge in a case in which his son appeared for the opposition and with a personal interest in the outcome of the litigation. And while the simple truth is that a conscientious judge would be more apt to lean against the client of his son rather than otherwise in an effort to be perfectly fair, that fact in no wise affects the principle involved. The opposing lawyer, and particularly his client, would likely have some doubts as to the judicial fairness, particularly if he should lose the case. Very serious responsibility rests upon our courts to maintain confidence in the fairness and impartiality of the courts. The confidence of the people in the integrity of our judicial institutions is a bedrock upon which Democratic Government, according to law, is founded. We have said this not in criticism of the judge who tried this case, for he but followed the law, and the judgment he entered was as just and fair as could have been entered by any other judge. Our purpose is rather to suggest the formulation of a rule to govern such cases. No doubt every judge in Texas, including the judge who tried this case, would welcome such a rule. At present the judge cannot certify a disqualification in a case such as this because none in fact exists.

We take the liberty of making these observations because the matter is one of a nature that the courts should take the initiative in correcting.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.