## CHARLES E. BARNARD v. WILLIAM MOSELEY.

An allegation in a petition on a due-bill, that the defendant "gave plaintiff his due-bill or instrument in writing," in words and figures as set out in the petition, is equivalent to averring that the defendant made and executed, or signed and delivered, the instrument to the plaintiff, and is a sufficient averment of its execution and delivery by the defendant to the plaintiff. (Paschal's Dig., Art. 1427, Note 537.)

ERROR from Johnson. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The facts appear in the opinion of the court. The judgment was by default.

*Charles E. Barnard,* for himself.

*J. W. Ferris,* for the defendant in error.

SMITH, J.—The defendant in error, Moseley, instituted this suit June 18, 1860, and avers that Barnard "gave him his due-bill or instrument of writing, given below by words and figures, as follows:

"$577. Due Mr. William ·Moseley, April 9, 1860, the sum of five hundred and seventy-seven dollars, the same being for beeves delivered to me at Brazos agency, Texas.

"CHARLES E. BARNARD."

Judgment by default was rendered for the amount of the note against Barnard, and he brings the case here by writ of error, and assigns as error that the petition shows no cause of action.

The instrument of writing is a written acknowledgment of an indebtedness for a valuable consideration expressed, and from it the law raises a promise to pay at present. (1 Greenl. on Ev., § 277; Warren v. Wheeler, 8 Met., 97.)

It is contended that there is no sufficient averment in the petition that the written obligation was executed by the defendant to the plaintiff.

In the case of Jennings v. Moss, 4 Tex., 451, it is said, that, to ·show a right of action, the plaintiff must allege a title in himself, and some act of the defendant creating a legal liability on his part. The petition stated that the plaintiff was the holder and owner of the note; and the court further say, that had there been an obligation that the note was made or signed by the defendant, or any equivalent allegation, the petition would doubtless have been sufficient.

In the case of Malone v. Craig, 22 Tex., 609, it was averred, that the defendant, for a valuable consideration, executed and delivered his promissory note, therein set forth at length, and the court says, "the petition before us

avers that the defendant executed and delivered the note sued on, but it is not alleged *to whom* the note was executed and delivered," and held the petition defective.

From these cases, we are of opinion the petition in this case is sufficient. The averment that the defendant, Barnard, gave the written instrument to the plaintiff, we believe equivalent to averring that he had made, executed, or signed and delivered it to the plaintiff. (20 Tex., 132.)

And there appearing no error in the record, it is ordered that the judgment below be affirmed, with ten per cent. damages.

AFFIRMED.