GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. W. W. WILSON ET AL.

No. 820.

1. **Freight Contract—Partnership—Pleading.**—Suit by shipper of live stock against railway for depreciation in value from negligent delay. It was alleged that the defendant and the named connecting line were partners. The shipping contract was from Lampasas, Texas, to East St. Louis, Ill., and it was stipulated that the liability of the receiving carrier should cease upon delivery of the cattle to the connecting line. Negligence and injury were proven, but not upon the line of the receiving carrier. The defendant pleaded, not under oath, denying the partnership, and invoking the limited liability contract. *Held*, an answer denying alleged partnership, unless verified by affidavit, does not raise the issue of the existence of such partnership. In absence of such verified denial, the alleged partnership is considered as confessed. An answer denying such fact, not sworn to, is a nullity, and need not be excepted to.

2. **Liability of Carriers Who are Partners.**—Each partner is liable for all causes of action against the partnership. Negligence of one of the partners is negligence of all. And one partner can not by contract shield itself from consequences of negligence of another member. See example.

APPEAL from County Court of Bell County. Tried below before Hon. JOHN M. FURMAN, County Judge.

*J. W. Terry*, for appellant.—1. Although a number of carriers whose lines comprise the line of shipment constitute a copartnership in receiving such a shipment, the first carrier has the legal right to stipulate that it shall not be liable for any damages occurring beyond the last station on its own road, and shall not be liable for any damages occurring on the line of its copartners.

2. It not being alleged in plaintiffs' petition that there was any legal authority existing authorizing the appellant to enter into a copartnership with other carriers, the petition fails to allege a legal partnership, and the partnership alleged was ultra vires. Railway v. Morris, 67 Texas, 692.

3. Even assuming that the plaintiff alleged partnership and the defendant failed to deny the partnership under oath, yet the plaintiff failed to prove a contract made by a partnership, but proved a contract made by the Gulf, Colorado & Santa Fe Railway Company, which shows on its face that it was not made by a partnership as set up in the petition, but by one of the individual partners of the copartnership on its own responsibility.

*A. M. Monteith* and *J. W. Parker*, for appellees.—1. Each partner is liable in solido for all causes of action against the partnership; that is, the entire fortune of each partner—not only that embarked in the business, but whatever he may own—is liable to make good the firm liabilities, and each partner has the right to contribution from every other partner. 1 Bates Law of Part., sec. 457; Frost v. Cattle Co., 81 Texas, 510.

2. Where several carriers constitute a copartnership in the business of receiving and transporting freight, the first carrier is liable for any damage occurring on any part of the route, and under our statute the allegation of partnership and the failure to deny under oath establishes the fact of such partnership. Sayles' Civ. Stats., art 1265, subdiv. 6; Railway v. Baird, 75 Texas, 264; Railway v. Tisdale, 74 Texas, 15, 16; Miller v. Railway, 83 Texas, 521; Smith v. Tel. Co., 84 Texas, 362; Laws. Con. Carr., p. 361, and cases cited; Porter's Law of Bill of L., sec. 329, and cases cited.

KEY, Associate Justice.—This is a suit by the appellee to recover damages to a shipment of stock. It is alleged in the petition that the stock were shipped from Lampasas to East St. Louis, the plaintiffs alleging that the defendant and other carriers en route to East St. Louis are partners in the business of carrying freight for hire, received on one of their lines and carried over the other, and were partners in the shipment in question, and that the companies other than the defendant are nonresidents of the State.

The defendant, by supplemental answer, denied that the said connecting lines of railway, over which the plaintiffs' cattle were transported, after leaving the defendant's line of railway, were either its agents or partners, and further specially denied that any damage occurred to plaintiffs' stock while being transported over defendant's line of railway. That plaintiffs shipped their stock under a written contract with the defendant, in which it was expressly agreed between the

plaintiffs and the defendant that the liability of the defendant was limited to any damage that might occur to said cattle on its line of railway; that the said written contract was in the hands of the plaintiffs, and they were notified to produce the same on the trial of the cause.

There were no exceptions, general or special, filed to this supplemental answer.

The cause was tried before the court, without a jury, and judgment rendered for the appellee for $864.66.

The court, in its conclusions of law and fact, held, that because the allegations of partnership had not been denied under oath, the allegations to that effect in the petition must be held true, and that the defendant was liable for the acts of its connecting lines, notwithstanding the stipulation in the contract to the contrary.

The written contract provided that the defendant would transport five carloads of cattle from Lampasas, Texas, on defendant's road, to Paris, on said road, and there deliver the same to the St. Louis & San Francisco Railway Company, to be transported to the National Stock Yards, East St. Louis. The contract, among other things, expressly provides, "That defendant undertakes to transport said cattle with reasonable care and dispatch from Lampasas, Texas, to the end of its line at Paris, Texas, and by it to be delivered at Paris to its connecting line, the Frisco line, by it to be transported to East St. Louis;" and said contract only engages that defendant shall transport said cattle from Lampasas to Paris, Texas. Said contract also provides expressly, that defendant is only to be held liable to plaintiffs for such damage to said cattle as might or should accrue while being transported over its own line of railway, and should not be held liable for any damage that should accrue thereto after their delivery to any other line of railway in their transportation from Paris to East St. Louis, Ill.

The testimony of the plaintiffs' witnesses shows that there was some delay on the defendant's railway, but they do not undertake to show how much, if any, damage, was caused by such delay. Delays from bad treatment of the cattle, and detention of the same, are shown to have occurred on the St. Louis & San Francisco Railway.

Plaintiffs testified, that they were detained by that company thirty hours or more without feed and water, and that there were a number of delays. The damage testified to is the depreciation in value of the cattle on their arrival in East St. Louis. There is no testimony tending to show how much, if any, of the damage was caused on the defendant's line.

The findings of the court show that he rendered judgment against the appellant for the entire amount of damages claimed to have been done the cattle up to the time of their arrival in East St. Louis.

The trial court filed findings of fact, which are sustained by the testimony.

*Opinion.*—It is contended that the court erred in finding that a partnership existed between appellant and the other carriers named in appellees' petition, because there was no evidence of such partnership.

It is settled in this State that an answer denying that the defendant executed a written instrument sued on, or the existence of a partnership charged in the plaintiff's petition to exist between the defendant and another, unless verified by affidavit, does not raise the issue of the execution of such instrument or the existence of such partnership; and that, unless such an answer is filed, such facts are to be treated as confessed. Railway v. Tisdale, 74 Texas, 15; Bradford v. Taylor, 61 Texas, 508; Waterworks v. White, 61 Texas, 535.

It is not necessary that an unsworn answer setting up these facts should be excepted to. If not verified, it is regarded as no answer, and presents no issue.

It is also contended, that as the contract of shipment stipulates that appellant is not to be liable for injury to the property after it had passed beyond its own lines, although it stood in the attitude of a partner with the other lines, it was not responsible for such injuries as were shown to have occurred after the property left its road.

Our views of the law are different. Each partner is liable in solido for all causes of action against the partnership. Granting the existence of the partnership, appellant's liability was coextensive with that of its copartners. The negligence of its partners became its negligence; and it is well settled that a common carrier can not by contract relieve itself from liability for its own negligence.

We find no error in the record, and affirm the judgment.

*Affirmed.*

Delivered April 25, 1894.