## TAYLOR WATER COMPANY v. M. P. KELLEY.
### No. 1308.

**1. Action on Due Bill—Proof—Denial of Execution.**

Plaintiff sued upon an alleged due bill charged to have been executed by and for the defendant. The proof consisted of a letter in which the writer stated that

he sent therewith statement of plaintiff's account with defendant, and the account showed a balance due plaintiff in a certain amount. Held, that the letter and account together constituted a due bill, and defendant having failed to deny its execution under oath, plaintiff was entitled to judgment without further evidence.

2. **Practice—Admission of Incompetent Evidence.**

The admission of incompetent evidence on an issue clearly made out without such evidence is harmless error.

3. **Limitations—Due Bill.**

In an action upon a written due bill, the statute of two years' limitation does not apply.

APPEAL from the County Court of Williamson. Tried below before Hon. D. S. CHESSHER.

*John W. Parker*, for appellant.

*Glasscock & Strickland*, for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant on an alleged due bill, charged in appellee's petition to have been executed by and for appellant; and its execution was not denied under oath. No formal due bill was produced, but appellee showed that he received a letter signed by one W. H. Riley, stating that he sent therewith a statement of appellee's account with the Taylor Water Co. The account which accompanied the letter contained several items of debits and credits, and concluded thus: "E. & O. E. Balance due you, $171.53."

In our opinion, the account and letter, construed together, constitute a due bill; and appellee having charged in his petition that they were executed by appellant, and by its authority, and appellant having failed to deny these averments under oath, they, without any further evidence, established appellee's case, and entitled him to judgment for the amount recovered. Bradford v. Taylor, 61 Texas, 508; City Water Works v. White, 61 Texas, 536.

It follows from what has just been said, that, even if the court erred in admitting in evidence the letters purporting to have been written by G. W. Burkett, such error will not avail to reverse the judgment. The plaintiff's case was clearly made out without these letters; the defendant offered nothing in rebuttal; and, if the letters had been excluded, judgment should have gone, as it did, for the plaintiff.

The plaintiff's suit being founded upon a written due bill, the two years' statute of limitations does not apply, and four years had not elapsed when the suit commenced.

We find no error in the record, and affirm the judgment.

*Affirmed.*

Delivered October 30, 1895.