**DALLAS LUMBER CO. v. GOLDE et al.**
**(No. 2078.)**

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1927.

Rehearing Denied Jan. 5, 1928.

1. Contracts ⊜188—Agreement of holder of trust deed to subordinate lien to another advancing funds, obligated latter to advance sums specified.

Where holder of vendor's lien and deed of trust subordinated his lien to another advancing funds for improving the property, the beneficiary of the agreement was thereby obligated as to holder of trust deed to advance funds of amount to which lien was subordinated; it being immaterial that beneficiary did not sign the agreement, since acceptance of benefit made it a party thereto.

2. Limitation of actions ⊜25(1)—Action by holder of deed of trust subordinating lien to another advancing funds for failure to advance correct amount held "action for debt" within four-year statute (Rev. St. 1925, art. 5527, § 1).

Action by holder of deed of trust having subordinated his lien to another advancing funds to improve property based on alleged failure to advance specified amount constitutes an action for debt within the meaning of Rev. St. 1925, art. 5527, § 1, prescribing limitation of four years; two-year statute being inapplicable.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the Texas Life Insurance Company against F. C. Golde, the Dallas Lumber Company, and others, wherein defendant first named set up a cross-action against defendant last named. From that portion of the judgment in favor of defendant first named on the cross-action, defendant last named appeals. Affirmed.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellant.

Kyle Vick, of Waco, and W. L. Moore, of Dallas, for appellees.

HIGGINS, J. Claude E. Mason owned a lot in the city of Dallas, incumbered by vendor's lien and deed of trust to secure payment of note for $1,300 executed by Mason in favor of appellee F. C. Golde. On May 31, 1924, Mason and wife entered into a contract with the appellant, Dallas Lumber Company, whereby the latter agreed to furnish and provide labor and material to the extent of $3,250 to be used in the construction and erection of certain improvements upon the lots for Mason and wife in consideration whereof Mason and wife executed three notes in appellant's favor, one for $250, one for $500, and the other for $2,500. To secure the payment of these notes, the contract granted a lien on the lot. Mason and wife also exe-

cuted a deed of trust upon the lot to secure the notes. On the same date as the contract and deed of trust, Golde executed and delivered a contract which recited his lien, that Mason and wife had made the abovementioned contract with appellant and executed the deed of trust, and further reciting:

"And whereas Dallas Lumber Company, having agreed to advance funds evidenced by said notes, aggregating $3,250, conditioned that they shall have and hold a first and superior lien upon the above-described property securing the payment of the funds so advanced."

Wherefore Golde subordinated his lien securing his $1,300 note to the lien held by the appellant, and agreed that appellant's lien should be a first and prior lien to his lien. Appellant transferred its notes and lien to the Texas Life Insurance Company, which later retransferred the $250 note to appellant, but subordinating the lien securing said note to the lien securing the two notes it retained. Pursuant to the building contract, a residence was built on the lot. Later Mason conveyed the lot to Golde in consideration of $200 cash and cancellation of Mason's note for $1,300.

This suit was brought by the insurance company against appellant, Mason, Golde and wife, and others not necessary to mention, upon the two notes held by it and to foreclose its lien. Appellant set up its right upon the $250 note. Golde set up a cross-action against appellant for damages, alleging it had failed to furnish $3,250 for the construction of the house as, provided in the subordination agreement of May 31, 1924, and had advanced only $2,450, wherefore the improvements upon the lot were inferior and insufficient to protect the $1,300 note, whereby he was damaged $800, for which he sued. The jury found the house cost appellant $2,750. Judgment was rendered in favor of the insurance company and appellant against Mason for the amount due upon their notes, with foreclosure of lien against all defendants in due order of priority, and in favor of Golde against the Dallas Lumber Company for $500. The latter appeals from that portion of the judgment last mentioned.

O. T. Gray, a contractor, who showed himself qualified to testify upon the subject, examined the improvements upon the lot and testified that the house could have been built at the time it was built for $2,454.65. He gave detailed estimates of the cost of the various items of material and labor. Golde also qualified to testify and testified the same could be built for not exceeding $2,400.

This evidence was objected to upon the ground that it did not tend to prove that the house did not cost appellant $3,250, and therefore was irrelevant and immaterial. The evidence directly tended to show that it

did not cost $3,250 to build the house, and supports the jury's finding, for which reason all assignments are overruled, which, in various forms, attack the sufficiency of the evidence to support the verdict and judgment.

[1] Nor is there any merit in the contention that there was no obligation upon appellant's part in favor of Golde to furnish funds to the extent of $3,250 for the construction of the house. The subordination agreement given by Golde evidenced the contract of appellant so to do and that the agreement was executed in consideration thereof. This imposed upon appellant, the beneficiary of the agreement, an obligation in favor of Golde to advance funds to that amount.

[2] The conveyance from Mason and wife recited that the lot was conveyed to Golde subject to the lien securing the Mason notes to appellant. This provision in the deed, and further fact that Golde and wife moved into and occupied the house, does not preclude Golde from maintaining this action for breach of the obligation imposed upon appellant by its acceptance of the terms of the subordination agreement. Golde's action against appellant is for debt within the meaning of section 1, art. 5527, R. S. (Elder, Dempster & Co. v. St. Louis Southwestern R. Co., 105 Tex. 628, 154 S. W. 975), and founded upon the contract in writing evidenced by the subordination agreement. The fact that appellant did not sign such contract is not material. It was the beneficiary of the contract, and by its acceptance of such benefit it became a party thereto, and the contract was binding upon it the same as if it had signed the same. Gilles v. Miners' Bank (Tex. Civ. App.) 198 S. W. 170; Ringle v. Waggoner (Tex. Civ. App.) 238 S. W. 236; L. C. Denman Co. v. Standard Savings & Loan Ass'n (Tex. Civ. App.) 200 S. W. 1109; Schmucker v. Sibert, 18 Kan. 104, 26 Am. Rep. 765.

The action therefore is governed by the four-year statute of limitations. The two-year statute has no application. This disposes of all questions presented.

Affirmed.