**MILES REALTY CO. v. DODSON.**

(No. 3025.)

Court of Civil Appeals of Texas. Amarillo. May 23, 1928.

Rehearing Denied July 4, 1928.

**1. Mortgages ⊚⟹449—Petition in suit to foreclose, which failed to allege that plaintiff was owner and holder of notes, held insufficient.**

Petition in suit for foreclosure of trust deed, which alleged execution and delivery of deed of trust securing promissory notes and of one of notes transferred to plaintiff, but which failed to allege who executed the other three notes or to whom they were delivered, and which failed to allege name of payee or that plaintiff had title to the notes or was owner and holder thereof, or that any of the notes were executed and delivered to him, held insufficient as against general demurrer.

**2. Mortgages ⊚⟹449—Allegation in suit to foreclose that defendants promised to pay plaintiff sums specified by notes held insufficient allegation of plaintiff's ownership.**

In suit for foreclosure of trust deed, allegation that defendants "became bound and liable to pay and promise to pay the plaintiff the sums of money that said notes specified * * * according to the tenor and effect of said notes" held insufficient to supply want of allegations of ownership, execution, and delivery of notes to the plaintiff.

**3. Mortgages ⊚⟹186(4)—Agreement by president of realty company postponing its prior vendor's lien notes held admissible.**

In suit to foreclose deed of trust, in which realty company was joined as holder of subordinate lien, agreement executed by president of realty company, postponing its prior vendor's lien notes to the lien sought to be foreclosed, was admissible.

**4. Corporations ⊚⟹517—Corporation held not entitled to deny instrument signed by president, where answer denying president's authority was not sworn to (Rev. St. 1925, arts. 2010, subd. 8, 3734).**

In suit for foreclosure of deed of trust lien, in which plaintiff claimed priority over ven-

dor's lien of realty company by virtue of agreement of president of realty corporation for postponement of its lien, corporation was not entitled to deny execution of the instrument or its legal effect by testimony, where answer denying authority of president to execute it was not sworn to as required by Rev. St. 1925, art. 2010, subd. 8, and no affidavit of want of authority was executed as required by article 3734.

**5. Corporations ⊚⟹517—Failure of corporation to verify answer alleging president's want of authority to execute instrument rendered answer null, and plaintiff was not required to except on that ground (Rev. St. 1925, arts. 2010, subd. 8, 3734).**

Failure of corporation to verify pleadings denying the authority of its president to execute instrument relied on by plaintiff as required by Rev. St. 1925, art. 2010, subd. 8, and article 3734, rendered corporation's answer a nullity, and plaintiff was not required to except to the pleading on the ground that it was not verified.

**6. Mortgages ⊚⟹186(2)—Petition alleging that vendor's lien of defendant was inferior put in issue question of priority.**

In suit for foreclosure of deed of trust in which holder of vendor's lien was joined as defendant, petition alleging that instrument creating defendants' vendor's lien, "and any and all claims, liens, and rights of said defendant, * * * is a junior and inferior lien to the lien of the plaintiff," held sufficient to put in issue question of priority of liens, where instrument was described and incorporated by reference as part of plea.

**7. Corporations ⊚⟹516—Plaintiff suing for foreclosure in reliance on instrument subordinating corporation's vendor's lien, executed by president of corporation, could assert president's authority in supplemental petition.**

Where, in suit for foreclosure of deed of trust, plaintiff claimed priority over defendant's vendor's lien by virtue of instrument executed by vendor corporation's president, subordinating his vendor's lien to lien of plaintiff, plaintiff was not required in his original petition to anticipate defendant's claim of officer's want of authority, but could show invalidity of such claim by supplemental petition in reply to cross-action.

**8. Corporations ⊚⟹432(5)—One suing to foreclose as against realty corporation, whose president executed instrument subordinating corporation's vendor's lien, was relieved from burden of showing president's authority, where corporation's custom was proved.**

In suit to foreclose deed of trust as superior lien on account of execution by president of realty corporation of instrument postponing corporation's vendor's lien in favor of lien of plaintiff, testimony introduced by plaintiff that realty corporation was in the habit of executing similar instruments in favor of mechanic's liens, where purchasers of lots desired to build relieved plaintiff from burden of showing that president had authority to execute instrument or that any custom of executing such instruments was known to the directors of the corporation.

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Evidence ⊙⟶66—Directors of corporation are generally chargeable with knowledge of its customs.**

Officers and directors of corporation are chargeable as a general rule with knowledge of the customs and usages of the corporation.

**10. Corporations ⊙⟶432(2)—Instrument executed by president of realty corporation in accordance with statute held admissible without proof of president's express authority, where custom to execute such instruments was shown (Rev. St. 1925, art. 1322).**

Instrument executed by president of realty corporation in accordance with requirements of Rev. St. 1925, art. 1322, by which corporation subordinated its vendor's lien in favor of mechanic's lien of plaintiff, held admissible in plaintiff's foreclosure suit, without proof of express authority by board of directors to execute it, where custom and usage of corporation in executing such instruments was shown; instrument being incidental to corporation's power to sell lots and have improvements made thereon.

Randolph, J., dissenting in part.

Appeal from District Court, Potter County; N. E. Gee, Judge.

Suit by John Dodson against the Miles Realty Company and others. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

F. A. Cooper and F. H. McGregor, both of Amarillo, for appellant.

E. O. Northcutt, of Amarillo, for appellee.

RANDOLPH, J. This suit was filed by appellee against G. L. Sullivan and wife to foreclose a deed of trust lien on real estate situated in the city of Amarillo, which deed of trust was alleged to have been given to secure three notes aggregating $6,200. The Miles Realty Company was made a party defendant in the suit; the plaintiff alleging that said company held a vendor's lien which was inferior to the lien sued on by the plaintiff. The trustee named in the deed of trust was also made a party defendant.

Sullivan and wife made default, the trustee filed a disclaimer, and the case between the plaintiff and the realty company went to trial before the court without the intervention of a jury.

On the hearing, the trial court rendered judgment in favor of the plaintiff, adjudging his lien to be superior to the lien claimed by the realty company, and giving judgment for the realty company for its debt, but subordinating its lien to that of the plaintiff. From said judgment, the realty company has appealed.

It will only be necessary to set out the pleadings as the questions presented to and discussed by us demand explanation.

The first error assigned is fundamental error on the part of the trial court in rendering judgment upon plaintiff's petition, for the reason that said petition is defective, in that it does not allege the execution and delivery to plaintiff of the notes sued on, or that he was the payee therein, or was the owner or holder thereof.

The plaintiff's petition alleges the giving of a deed of trust by Sullivan and wife, "made, executed, and delivered to the plaintiff," fully describing the notes secured by it, including one note for $200, dated October 18, 1926, payable to the order of T. H. Bingham, and transferred to John Dodson, and secured by a former deed of trust, but not expressly alleging that the other three notes described were payable to or owned by the plaintiff. However, after fully describing said notes and the property upon which same were a lien, the petition alleges:

"Whereby the defendants G. L. Sullivan and wife, Alice Sullivan, became bound and liable to pay and promised to pay the plaintiff the sums of money that said notes specified, together with all interest and attorney's fees due thereon, according to the tenor and effect of said notes."

This last allegation is tantamount to an allegation that the notes were payable to the order of plaintiff, and such allegation was good, by intendment, against a general demurrer.

If the allegations of the petition, given every reasonable intendment, state a cause of action in plaintiff's favor, that is decisive of his right to have the general demurrer overruled. Reasoner v. Gulf, Colorado & Santa Fé Ry. Co., 109 Tex. 204, 207, 203 S. W. 592; Mecaskey v. Dunlap (Tex. Civ. App.) 276 S. W. 944, 946. We therefore overrule the assignment presenting fundamental error, involving the sufficiency of the petition to sustain the judgment.

The plaintiff introduced in evidence the following instrument, duly acknowledged, for the purpose of establishing the priority of his trust lien over the vendor's lien held by the Miles Realty Company:

"Know all men by these presents:

"That whereas, Miles Realty Company, a corporation, did on the 10th day of June, A. D. 1926, make, execute, and deliver one certain warranty deed of that date, whereby it conveyed to G. L. Sullivan, the following described property, to wit: Lot No. thirteen (13) in block No. twenty-one (21) of the Bivins addition to the city of Amarillo, Potter county, Texas, according to the revised map of Bivins addition to Amarillo, Potter county, Texas, filed in the office of the county clerk of Potter county, Texas, reference to which is here made; and

"Whereas, the said warranty deed retained a vendor's lien to secure the payment of one certain promissory note in the sum of fourteen hundred forty and no/100 ($1,440.00) payable in installments of twenty-five dollars each, said installments payable monthly, the first being due

and payable July 10, 1926, and like installment on the 10th day of each successive month thereafter until the entire note is paid, said note bearing seven per cent. interest from date until paid, interest payable monthly as it accrues; and

"Whereas, it is the desire of the Miles Realty Company to stimulate and encourage development and the building of homes in said addition; and

"Whereas, it is the desire of the said G. L. Sullivan to erect a residence on the property above described and to give a mechanic's lien thereon superior in every respect to said vendor's lien note above described:

"Now, therefore, in consideration of the premises and of five dollars in hand paid to the Miles Realty Company by the said G. L. Sullivan, the receipt of which is hereby acknowledged, the said Miles Realty Company does by these presents subordinate said vendor's lien held by it to a mechanic's lien to be hereafter created in favor of T. H. Bingham at Panhandle Lumber Company in an amount not exceeding sixty-five hundred dollars, so as to make said mechanic's lien superior in every respect to said vendor's lien which shall likewise be inferior and subordinate to any renewal and extension of said mechanic's lien.

"In testimony whereof, Miles Realty Company, a corporation, has caused these presents to be executed by Miles G. Bivins, its president, and its corporate seal hereunto affixed, this the 3d day of July, A. D. 1926.

"[Signed] Miles Realty Company,
"[Corp. Seal.] By Miles G. Bivins, President.
"Attest: Wayne J. Smith, Secretary."

The Miles Realty Company objected to the introduction of this instrument because there were no pleadings to authorize its introduction, and that it was not shown to have been authorized by the Miles Realty Company. As showing the authority for the execution of the above instrument by the president of the Miles Realty Company, the defendant introduced in evidence a resolution of the board of directors of said company, which contained, among other provisions, the following:

"On motion of Mr. Lee Bivins, seconded by Mr. Leonard Eppstein, the president was authorized and empowered to execute and deliver conveyances of the real estate of the corporation, which conveyances shall have the same force and effect as if signed by the president under a resolution of the board of directors authorizing that particular conveyance."

The proof shows this to be the only resolution of the corporation's board of directors appertaining to the authority of the president, as exercised by him, in subordinating the lien of the company to that of the plaintiff. The charter of the company states the purpose of the incorporation to be:

"The erection or repair of any building or improvements, and the accumulation and loaning of money for said purposes, and for the purchase, sale, and subdivision of real property in towns, cities, and villages and their suburbs, not extending more than two miles beyond their limits, and for the accumulation and loaning of money for that purpose."

The secretary of the realty company testified, on cross-examination, that at other times, some eight or ten or probably more subordination agreements had been executed by the president and signed by him as secretary.

The question, therefore, presented for our consideration here, is, Did the resolution of the board of directors, as offered in evidence, authorize the president to subordinate the first or vendor's lien held by the company, on the lot herein in controversy, to the trust deed lien of the plaintiff?

"The power or authority of a president or general manager as an agent must be found in the organic law of the corporation, in a delegation of authority from it directly through its board of directors formally expressed, or be implied from custom or habit of doing business.

"The authority that may be implied in a president or general manager is only that which such officer usually exercises in the conduct of the ordinary business of the corporation, and his implied power to bind the corporation by his contract is limited to matters pertaining to the usual course of business of the corporation." Gulf Grocery Co. v. Crews (Tex. Civ. App.) 146 S. W. 654, 657.

That case was reversed by the Supreme Court on the ground that the transaction, being for the purpose of the collection of a debt, came within the scope of the authority of the president of the corporation, 107 Tex. 604, 182 S. W. 1096, but the opinion of the Supreme Court did not, in other respects, set aside the declaration of the law upon the issues, as made by the Court of Civil Appeals.

The power to sell does not carry with it the power to release liens or, as in this case, to practically do so, by subordinating the corporation's lien to that of another in such a sum as to destroy said lien. A power to sell does not authorize the agent to barter the property. Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 16 S. W. 1078, 1080.

It has also been held that, where the president of the corporation has been given the authority by the directors to execute notes in a corporate transaction, no authority, by implication or otherwise, is thereby given for him to execute liens on corporate lands to secure the payment of such notes. El Fresnal Irrigated Land Co. v. Bank of Washington (Tex. Civ. App.) 182 S. W. 701.

In the case of Franco-Texan Land Co. v. McCormick, 85 Tex. 416, 23 S. W. 123, 34 Am. St. Rep. 815, it is held that in the making of such contracts, i. e., conveyances of land, the president must derive his authority from the corporation in the same manner as any other agent, but such authority may be implied from the acts of the directors in recognizing and adopting the agent's transactions, and need not be in writing.

This being the rule, it would necessarily follow that, if the authority of the president of the Miles Realty Company to execute the deed in question had been the issue to be determined, and it was shown that the president had theretofore been accustomed to executing such deeds, and that the board of directors had recognized and adopted his previous transactions, as the acts of the corporation, the authority of the president to make such deed could then be implied. But there is no such question before us. Here we have a resolution of the board of directors authorizing the president to execute and deliver conveyances of real estate which the plaintiff insists is authority for the act of the president in attempting to subordinate the realty company's lien to his lien. The express authority given in the resolution is to make, execute, and deliver conveyances. This resolution does not provide for the waiving of any legal right of the realty company. But the plaintiff contends, that, as the defendant realty company was a trading company, that, in the usual course of business, the president was authorized to execute the waiver and subordination of the company's lien. This contention cannot be sustained. The implication of authority will not extend to include the doing of an act materially different from the customary course of business and an act not warranted by the charter. Fitzhugh v. Franco-Texas Land Co., supra, page 1079.

It appears from the record that the execution of waivers and subordinations of liens had theretofore occurred as often probably as in ten other instances, but there is nothing in the record to charge the directors with knowledge of the other waivers or that the directors had, by a course of conduct, ratified other waivers. So far as the record discloses, the directors were as ignorant of the ten transactions as of the one now in question. We say this because the record is silent as to any knowledge, on the part of the directors, of the acts of the president in executing such waivers, and it devolved on the plaintiff to make such showing. As said by the Supreme Court in the Franco-Texan Land Co. v. McCormick Case, supra:

"If the power to be exercised be not clearly within the express, or fairly within the implied, powers given by the charter, not within the grant of power, with its necessary incidents, found in the appointment, nor within the apparent power of the agent, however that may be exhibited, but be a power which, for its existence, must invoke some extraordinary state of facts, not of a nature to be known to the agent only, and clearly out of the usual course of business, then it would seem to be the duty of a person seeking to acquire right through the exercise of the power to inquire as to its existence, and as to the facts which bring it into being. In the usual course of business, it is shown that sales were made for cash, or, if on credit, with lien to secure the purchase money unpaid, while, under the contract the president and Martin assumed to make, the paper of a third person was taken in absolute payment of the greater part of the purchase money; and thus, in so far, the lien the law would have given, had the purchaser executed his own notes, was destroyed, for to its existence the nonpayment of the purchase money was an essential fact. Under the facts, we are of opinion the plaintiff was not an innocent purchaser, the agent having no real power to make the sale and conveyance made. The president having, at most, only an apparent power to sell and convey, in every case, in due and ordinary course of business, we are of the opinion that the recitals in the deed to Martin affect all persons claiming through it, with notice that he exceeded his power in making the sale. This being true, the plaintiff, on that branch of his case which asserted his title to the land, failed to show right in himself simply because the land company had not been divested of title by the unauthorized conveyance made by its president."

Also in the case of Green v. Hugo, 81 Tex. 452, 457, 17 S. W. 79, 80 (26 Am. St. Rep. 824), the Supreme Court lays down the rule that

"One who claims under a contract executed by an agent is bound to know the extent of the agent's authority, unless he has been held out by his principal as having powers which have not in fact been conferred."

This being the rule, we hold that the plaintiff has wholly failed to make any showing of authority in the president of the realty company to execute the subordination agreement.

But not only is there no proof to justify the judgment of the trial court upon the theory of custom in the execution of such waivers, but it is true also that the pleadings nowhere authorize such judgment. If the custom of the company in approving transactions, wherein the president subordinates the company's liens to builder's liens, exists, such custom enters into and becomes a part of plaintiff's cause of action, and should have been alleged in his original petition. The authority not being apparent from the face of the instrument tendered in evidence, and it being the very foundation of plaintiff's cause of action, that he is entitled to recover because of this custom and the recognition and ratification of the acts of the president by the directors, it was necessary for this to have been pleaded in the original petition.

This was not done, but an attempt was made to present same in the supplemental pleading of the plaintiff. The office of a supplemental petition is to set forth facts in voidance of matters of defense pleaded in the answer, and it cannot be used to cure the defective statement of a cause of action in the original petition. Crescent Ins. Co. v. Camp, 64 Tex. 521; Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 229, writ denied; Grand Lodge v. Bollman, 22 Tex. Civ. App. 106, 53 S. W. 829, writ denied. It is therefore apparent that, while the petition, on its face, presents a cause of action good against a general demurrer, yet, in attempting to prove the cause of action, a material

issue which was necessary to be alleged was left out of the original petition and attempted to be urged in the supplemental pleadings, and the defendant realty company's objection should have been sustained and the evidence offered to prove the authority of the president and of his custom in making waivers and subordination agreements excluded from the record. This is said upon the theory that if, in every other respect, such evidence was admissible to prove the authority of the president, it should have been excluded for lack of averment in the original petition.

The plaintiff contends that the answer of defendant realty company, attacking the authority of the president to execute the subordination contract, was not sworn to and consequently it could not set up such defense. We do not think this proposition is sound for the following reasons: First, because the power of the president to execute the instrument must have been established to enable plaintiff to recover; and, second, there is nothing in the record to show that any objection was made and acted on by the trial judge, by plaintiff objecting to defendant's answer because it was not sworn to, and same is, so far as the record is concerned, presented here for the first time. We must therefore presume that the defendant realty company's failure to verify such pleading was waived by the plaintiff. Ashcroft v. Stephens, 16 Tex. Civ. App. 341, 40 S. W. 1036; Williams v. Bailes, 9 Tex. 61; Gulf, Colorado & Santa Fé Ry. Co. v. Jackson & Edwards (Tex. Civ. App.) 86 S. W. 47.

The defendant realty company contends that its lien should not have been subordinated to the lien of the plaintiff for another reason: The waiver executed by the president of the realty company was based on a consideration of improvements not to exceed in value $6,500. The evidence discloses that the improvements placed on the lot did not exceed in value the sum of $5,000. The defendant realty company could only be held to have, at any and all events, subordinated its lien to the extent of the actual value of the improvements placed on said lot. Dallas Lumber Co. v. Golde (Tex. Civ. App.) 1 S. W.(2d) 455.

The other propositions presented herein will not be discussed, as some are concluded by our holdings herein and others are not likely to arise on another trial.

The judgment of the trial court, because of the errors indicated, is reversed and remanded.

HALL, C. J. It is my opinion that Judge RANDOLPH has correctly disposed of this case by reversing the judgment and remanding it for another trial, but I do not agree that he has based the reversal upon proper grounds.

[1] In the first place, I think the plaintiff's pleadings are insufficient to support the judgment, and that the general demurrer should have been sustained. Judge RANDOLPH holds that the petition is sufficient as against the general demurrer.

The plaintiff's petition alleged that Sullivan and wife executed and delivered to him a deed of trust securing "four promissory deed of trust lien notes," one note for the principal sum of $200, "payable to the order of Mr. T. H. Bingham, but said note was transferred by the said T. H. Bingham to John Dodson." The petition then mentions "the other three notes," which are sued upon, but does not allege who executed the notes, to whom and by whom they were delivered, and fails to allege the name of the payee, and nowhere in the petition is it alleged that the plaintiff has title to the notes or is the owner and holder thereof, or that any of them were executed and delivered to him, except possibly the above-quoted allegation as to the $200 note.

It is true, as Judge RANDOLPH states, that plaintiff alleges the giving of a deed of trust by Sullivan and wife and its delivery to plaintiff, but no such allegation is made with reference to the notes. Neither the notes nor the deed of trust were made exhibits to the petition.

It was decided by numerous cases in an early day in Texas that a petition based upon a note which failed to declare that the defendants executed and delivered it, or some equivalent facts, was insufficient to support the judgment, and during the same period, in numerous cases, it was held that, if the petition failed to allege that plaintiff was the owner or holder thereof, the petition was insufficient as against a general demurrer. This line of decisions has never been changed or even modified in any material respect. Malone v. Craig, 22 Tex. 609; Thigpen v. Mundine, 24 Tex. 282; Fortune v. Kerr, 25 Tex. Supp. 309; Gilder v. McIntyre, 29 Tex. 89; Frazier v. Todd, 4 Tex. 461; Moody v. Benge, 28 Tex. 545; Colbertson v. Beeson, 30 Tex. 76; Ross v. Breeding, 13 Tex. 17; Jennings v. Moss, 4 Tex. 452; Blount v. Ralston, 20 Tex. 132; Barnard v. Moseley, 28 Tex. 543; Parr v. Nolen, 28 Tex. 798. And this court recently so held in Commercial Credit Co. v. Moore (Tex. Civ. App.) 288 S. W. 508. The rules there announced have been frequently expressly approved and followed by the Supreme Court in later cases. W. U. Tel. Co. v. Johnston (Tex. Com. App.) 210 S. W. 516; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914; Johnson v. Arlidge (Tex. Sup.) 17 S. W. 28; W. U. Tel. Co. v. Henry, 87 Tex. 165, 27 S. W. 63; Rhyne v. Missouri State L. Ins. Co. (Tex. Com. App.) 291 S. W. 845.

[2] I further find myself unable to agree with Judge RANDOLPH'S holding that the following allegation in the petition is tantamount to an allegation that the notes were payable to the order of plaintiff:

"Whereby the defendants, G. L. Sullivan and wife, Alice Sullivan, became bound and liable to pay and promised to pay the plaintiff the sums of money that said notes specified, together with all interest and attorney's fees due thereon, according to the tenor and effect of said notes."

This is simply an allegation of the defendant's promise to pay, and it has been expressly held by the Supreme Court that such an allegation cannot be considered as supplying the want of allegations of ownership, execution, and delivery to the plaintiff. Jennings v. Moss, supra; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Sneed v. Moodie, 24 Tex. 159; Thigpen v. Mundine, supra; Parr v. Nolen, supra.

For the reason that the petition is insufficient against a general demurrer, I believe the judgment should be reversed.

[3, 4] I cannot agree with Judge RANDOLPH'S holding that the court erred in admitting the agreement executed by Miles G. Bivins, as president of the appellant company; the effect of such agreement being to postpone the prior vendor's lien notes held by the appellant company to the mechanic's lien sought to be foreclosed. This instrument was clearly admissible, and, under the pleadings in the case, the appellant company could not deny its execution or its legal effect by testimony, because the answer denying the authority of the president to execute it was not sworn to.

Revised Statutes, art. 2010, provides that:

"An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit."

Subdivision 8 is, in part, as follows:

"A denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed."

It is further provided by Revised Statutes, art. 3734, that, when a pleading is founded, in whole or in part, on any instrument in writing, charged to have been executed by the other party or by his authority, such instrument shall be received as evidence without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed shall file his affidavit denying the execution thereof. The appellant's answer, which denied the authority of Miles Bivins to execute the instrument, was not sworn to. The plaintiff's right to recover rested in part upon this instrument, and his pleadings sufficiently charged that it was executed by authority of the appellant company. No affidavit required by the last-quoted article of the statute, denying the execution of the instrument, was ever filed.

[5] The failure of the appellant to verify

8 S.W.(2d)—33½

its pleadings, denying the authority of Miles Bivins to execute the instrument, rendered its pleadings, in this particular, a nullity, and, as is said by some of the authorities, if such a pleading is not verified, it is regarded as no answer at all, and it is also held that it is not necessary for the opposite party to except to the pleading because it is not verified. This question was first definitely decided in City Waterworks Co. v. White, 61 Tex. 536, and has been since followed consistently by the courts of this state in numerous decisions, among them being the following: Bradford v. Taylor, 61 Tex. 508; I. & G. N. Ry. v. Tisdale, 74 Tex. 15, 11 S. W. 900, 4 L. R. A. 545; I. & G. N. Ry. v. Anderson (Tex. Civ. App.) 21 S. W. 692; A. S. Cameron Steam Pump Works v. Lubbock Light & Ice Co. (Tex. Civ. App.) 147 S. W. 717; Gulf C. & S. F. Ry. v. Wilson, 7 Tex. Civ. App. 128, 26 S. W. 131; Thomason v. Berry (Tex. Com. App.) 276 S. W. 185; Southland Life Insurance Co. v. Ballew (Tex. Civ. App.) 268 S. W. 1027; Pullman Palace-Car Co. v. Booth (Tex. Civ. App.) 28 S. W. 719; Taylor Water Co. v. Kelley, 11 Tex. Civ. App. 339, 32 S. W. 436; Pioneer Savings & Loan Co. v. Nall (Tex. Civ. App.) 36 S. W. 322; Childress v. Smith (Tex. Civ. App.) 37 S. W. 1081.

[6] I think the allegation in the petition is sufficient upon the issue of priority of liens. The allegation is as follows:

"Plaintiff alleges that said instrument and any and all claims, liens, and rights of the said defendant Miles Realty Company as to said land and premises is a junior and inferior lien to the lien of the plaintiff, in consequence of which said defendant Miles Realty Company is made a party herein, and plaintiff prays for foreclosure of his lien against said Miles Realty Company."

[7] This allegation follows a description of the instrument, giving the volume and page of the deed records of Potter county, in which the instrument was recorded, and by reference incorporates said instrument as a part of the plea. Plaintiff was not required, in the original petition, to anticipate this claim by the realty company and allege facts showing its invalidity as against plaintiff. The proper place for such an allegation was in his supplemental petition, in reply to the Miles Realty Company's cross-action, in the event the company, after being cited, should attempt to assert its lien. Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350; Pierce v. Allen (Tex. Civ. App.) 278 S. W. 453. I therefore do not agree with Judge RANDOLPH in his holding that plaintiff had no right to attack the instrument by his supplemental pleading.

[8-10] Appellee charged that it was the custom of the appellant to execute such instruments, postponing the vendor's lien in favor of mechanic's liens, where the purchasers of other lots desired to build, and the appellant's secretary testified that this had been done in several other cases. If this

testimony is true, I am inclined to the opinion that the burden did not rest upon appellee to show that Miles Bivins had authority to execute the instrument or that the custom was known to the directors of the appellant company. The general rule is that the officers and directors of a corporation are chargeable with knowledge of the customs and usages of their corporation. 14a C. J. 100. The instrument having been executed in accordance with the formal requirements of Revised Statutes, art. 1322, governing the execution of such instruments by the officers of corporations, its introduction was prima facie proof of the right of Miles Bivins to execute it, and, since its evident purpose was in furtherance of the charter powers of the corporation and was incidental to the power of the corporation to sell its lots and have improvements made thereon, I think the testimony was sufficient to show a valid instrument, without proof of express authority by the board of directors to execute it; and the proof of custom and usage was sufficient upon the issue of ratification. Smith v. Allbright (Tex. Civ. App.) 261 S. W. 461; Rose v. Brantley (Tex. Civ. App.) 262 S. W. 193; Magee v. Paul (Tex. Civ. App.) 159 S. W. 325; Emory v. Bailey, 111 Tex. 337, 234 S. W. 660, 18 A. L. R. 901; Texas Auto Co. v. Arbetter (Tex. Civ. App.) 1 S.W.(2d) 334; 14a C. J. pp. 255, 256, 257, 348-350, 356, 357, 366, 371, 395, 397, and 398. And, as said above, proof by appellant, questioning or denying the authority of Miles Bivins to execute it, was inadmissible in the absence of a sworn plea denying his authority.

JACKSON, J., concurs.