ACCEPTED
06-15-00079-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/10/2015 7:19:26 PM
DEBBIE AUTREY
CLERK

**NO. 06-15-00079-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/13/2015 8:02:00 AM

DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS
# SIXTH DISTRICT OF TEXAS
# AT TEXARKANA

## BOBBY JOE EVENS,
## APPELLANT

### v.

## THE STATE OF TEXAS,
## APPELLEE

**On Appeal from the 196th Judicial District Court
Of Hunt County, Texas
Trial Court Cause No. 27,388
Honorable Andrew Bench, Judge Presiding**

## APPELLANT'S BRIEF

Elisha M. Hollis (SBN 24083189)
2608 Stonewall Street
P. O. Box 1535
Greenville, Texas  75403
Tel. (903)450-2473
Fax (903)200-1290
Email: ElishaHollis@gmail.com

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

Appellant:                              Bobby Joe Evens

Defense Counsel at Trial:               Mr. Chris Castanon
                                        2000 E. Lamar Blvd.
                                        Suite 600
                                        Arlington, TX  76006

Appellant's Attorney on Appeal:         Mr. Elisha M. Hollis
                                        2608 Stonewall Street
                                        PO Box 1535
                                        Greenville, TX  75403

Appellee's Attorney at Trial:           Ms. Keli Aiken
                                        Assistant District Attorney
                                        Hunt County District Attorney
                                        2507 Lee Street, 4th Floor
                                        Greenville, TX  75401

Appellee's Attorney on Appeal:          Ms. Keli Aiken
                                        Assistant District Attorney
                                        Hunt County District Attorney
                                        2507 Lee Street, 4th Floor
                                        Greenville, TX  75401

Trial Judge:                            Hon. Andrew Bench
                                        196th Judicial District Court
                                        2507 Lee Street, 3rd Floor
                                        Greenville, TX  75401

# TABLE OF CONTENTS

Identities of the Parties and Counsel....................................................................2

Table of Contents ...............................................................................................3

Index of Authorities ..........................................................................................4

Statement of the Case.........................................................................................5

Issues Presented .................................................................................................6

Statement of the Facts ........................................................................................6

Issues and Authorities ........................................................................................8

    **I. 38.14 Instruction ...................................................................................8**

        **A. The State's witness Robert Lewis Smith, Jr. should have been considered an accomplice to the Appellant..................................................8**

        **B. The trial Court committed egregious harm by not giving an unrequested Art. 38.14 Instruction to the jury........................................10**

    **I. Insufficient evidence ...........................................................................13**

        **A. The evidence was legally insufficient to support a finding of guilt by the jury because the accomplice testimony was not sufficiently corroborated..............................................................................................13**

Prayer ...............................................................................................................14

Certificate of Service ........................................................................................15

Certificate of Compliance with Rule 9.4 ...........................................................16

# INDEX OF AUTHORITIES

**STATE CASES:**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)....................................12

*Easter v. State*, 536 S.W.2d 223 (Tex. Crim. App.1976) .......................................10

*Ferguson v. State*, 573 S.W.2d 516 (Tex. Crim. App. 1978) ....................................9

*Granviel v. State*, 552 S.W.2d 107 (Tex. Crim. App. 1976) ...................................11

*Harris v. State*,   645 S.W.2d 447, 457 (Tex. Crim. App. 1983)...............................9

*Hinkle v. State*, 442 S.W.2d 728 (Tex. Crim. App. 1969)......................................11

*Holladay v. State*, 709 S.W.2d 194, 196 (Tex. Crim. App. 1986)...........................11

*Jackson v. Virginia,* 443 U.S. 307 ......................................................................14

*Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988) ................................12

*Saunders v. State*, 817 S.W.2d 688 (Tex. Crim. App., 1991)..................................12

*Simmons v. State*, 282 S.W.3d 504 (Tex. Crim. App. 2009) ..................................14

*Thomas v. State*, 723 S.W.2d 696 (Tex. Crim. App. 1986)....................................12

*Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005) ............................15

*Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston 2003) ...........................15

**STATE STATUTES:**

Tex. Code Crim. Pro. Ann. Art. 38.14.................................................................11

**IN THE COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA**

**BOBBY JOE EVENS,
APPELLANT**

**v.**

**THE STATE OF TEXAS,
APPELLEE**

**On Appeal from the 196th Judicial District Court
Of Hunt County, Texas
Trial Court Cause No. 27,388
Honorable Andrew Bench, Judge Presiding**

**APPELLANT'S BRIEF**

TO THE HONORABLE COURT OF APPEALS:

NOW COMES counsel for appellant and respectfully submits this brief pursuant to the rules of the Texas Rules of Appellate Procedure.

## STATEMENT OF THE CASE

This is an appeal from the judgment and sentence in a criminal case in the

196th District Court in Hunt County, Texas. The Appellant was indicted on May 27, 2011 for Possession of a Controlled Substance, with Intent to Deliver, Namely: Cocaine, Four Grams or More but Less than Two Hundred Grams. After entering a plea of Not Guilty, Appellant elected to be tried and sentenced by a jury.

On April 09, 2015 the jury found Appellant guilty and made a finding of true to two or more enhancements. The jury assessed punishment at Life in the Texas Department of Criminal Justice – Institutional Division. Appellant filed a notice of appeal on May 05, 2015.

## ISSUES PRESENTED

**ISSUE ONE:** The trial court cause egregious harm to the Appellant by not issuing an Art. 38.14 instruction to the jury.

**ISSUE TWO:** The evidence presented in this case was legally insufficient to support a conviction of the Appellant.

## STATEMENT OF FACTS

Appellant, BOBBY JOE EVENS (hereinafter, "Appellant") was indicted on May 27, 2011 for Possession of a Controlled Substance, with Intent to Deliver, Namely: Cocaine, Four Grams or More but Less than Two Hundred Grams (CR 6-7)[1]. Appellant entered a plea of Not Guilty on August 22, 2011 (CR 8), and elected

---

[1] References to the Clerk's Record are designated as "CR #", references to the Reporter's Record are designated RR Vol. ___, page #: line #, and State and Defendant's exhibits are designated SX and DX, respectively).

to be tried and sentenced by a jury on April 06, 2015. (RR vol. 4, 5:18-23).

On April 07, 2015, trial on the merits began. (RR vol. 5, 1:1-25). The state, attempting to show that the Appellant delivered a controlled substance to Robert Lewis Smith, Jr. on November 09, 2010, called Investigator Warren Mitchell. (RR vol. 5, 32:25). Investigator Mitchell testified that he had followed the Appellant to the NAT 24 gas station where he witnessed the Appellant meet with Robert Lewis Smith, Jr. in what he believed to be a drug transaction. (RR vol. 5, 37:3-38:16).

The state then called Mr. Robert Lewis Smith, Jr. to testify. (RR vol. 5, 71:3-4). Mr. Smith testified that he had met the Appellant at the NAT 24 gas station in Greenville, Texas on November 09, 2010 in order to purchase crack cocaine from the Appellant. (RR vol. 5, 72:18-23; 73:18-22). He stated that his plan in buying drugs from the Appellant was to sale half of it in another county. (RR vol. 5, 81:14-25). He further stated that he paid the Appellant with 10 $20 bills. (RR vol. 5, 75:15-23).

After calling Mr. Smith, the state called Jason Whitten. (RR vol. 5, 112:8-9). Mr. Whitten testified that on November 09, 2010 he was with two other investigators in Greenville, Texas, who were going to show him the Appellant's truck and residence. (RR vol. 5, 114:3-17). On their way they passed the Appellant and followed him to the NAT 24 gas station. (RR vol. 5, 114:18-20). Mr. Whitten testified that they watched Mr. Smith get into the Appellant's truck for a few

minutes and then exit the vehicle. (RR vol. 5, 115:5-10). It was Mr. Whitten's belief that a drug deal occurred in that brief meeting between Mr. Smith and the Appellant. (RR vol. 5, 115:17-20).

The State also called Officer Will Cole. (RR vol. 5, 131:19-20). Officer Cole testified that on the day of the alleged event he conducted a traffic stop on the Appellant immediately after the Appellant left the NAT 24 gas station. (RR vol. 5, 124:13-21). He stated that after stopping the Appellant, he conducted a search incident to arrest and discovered $1,030 in cash (RR vol. 5, 135:2-13). Included in this cash was at least 10 $20 bills. (RR vol. 5, 136:19-22)(SX 23-26).

The state also introduced several exhibits including SX 22 in which the Appellant admitted to dealing drugs in Greenville, Texas between February 2010 and September 2011. At the end of the trial, and upon a finding of certain enhancement paragraphs, the jury sentenced the Appellant to Life in the Texas Department of Criminal Justice. (RR vol. 7, 41:13-15).

<u>**ISSUES AND AUTHORITIES**</u>

<u>I. 38.14 Instruction</u>

A.    **The state's witness Robert Lewis Smith Jr. should have been considered an accomplice to the Appellant.**

An accomplice is one who participated with another in a crime. *Harris v. State*,  645 S.W.2d 447, 457 (Tex. Crim. App. 1983); *Ferguson v. State*, 573

S.W.2d 516, 523 (Tex. Crim. App. 1978). The benchmark for whether a person is an accomplice is whether they can be prosecuted for the same charges for which the defendant stands trial. *Id.*; *Easter v. State*, 536 S.W.2d 223, 227 (Tex. Crim. App.1976).

In the present case, the state relied on the testimony of Robert Lewis Smith Jr. to prove delivery of a controlled substance by the Appellant. (RR vol. 5, 71:3-4). Mr. Smith testified that he had met with the Appellant on November 9, 2010, the day of the alleged offense, in order to "score some work." (RR vol. 5, 72:15-19). When asked what he meant by "work" he responded that it meant drugs. (RR vol. 5, 72:20-21). He also said that his plan in buying drugs from the Appellant was to sale half of it in another county. (RR vol. 5, 81:14-25). Furthermore, the State introduced the interview between an investigator and Mr. Smith on the day he was arrested in which Mr. Smith stated that he was buying drugs from the Appellant and reselling them in Emory, Texas. (SX 4).

Based on these facts, Mr. Smith should have been considered an accomplice, and any testimony he gave should have been considered accomplice testimony. The Appellant was indicted for manufacturing or delivering a controlled substance on November 9, 2015. Based on Mr. Smith's testimony of buying drugs from the Appellant that day with intent to sale the drugs to others (RR vol. 5, 81:14-25) and State's Exhibit 4, Mr. Smith could have been indicted on the same charges as the

Appellant. Because Mr. Smith clearly participated with the Appellant in the crime as alleged, any testimony he gave should have been considered accomplice testimony.

**B.     The trial Court committed egregious harm by not giving an unrequested Art. 38.14 Instruction to the jury.**

In the present case, the Appellant did not and could not have gotten a fair trial without a proper jury instruction as to the accomplice testimony of Robert Lewis Smith, Jr. As shown above, Mr. Smith was an accomplice to the alleged acts of the Appellant. Accomplice testimony is inherently suspicious and is untrustworthy enough that a conviction should not rest solely on such testimony. *Holladay v. State*, 709 S.W.2d 194, 196 (Tex. Crim. App. 1986). The Texas legislature memorialized this truth through Article 38.14 of the Code of Criminal Procedure which states that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed;  and the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Pro. Ann. Art. 38.14.

Generally, a defendant must timely object at trial to preserve error. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986); *Granviel v. State*, 552 S.W.2d 107, 121 (Tex. Crim. App. 1976), cert. denied 431 U.S. 933 (1977); *Hinkle v. State*, 442 S.W.2d 728, 732-33 (Tex. Crim. App. 1969). But, "if no proper

objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'--in short 'egregious harm.' " *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1981) (op. on reh'g), superseded on other grounds by rule as stated in *Rodriguez v. State*, 758 S.W.2d 787, 788 (Tex. Crim. App. 1988). Specifically, in the case of a necessary Art. 38.14 instruction that was omitted without objection at trial, egregious harm occurs if "jurors would have found the corroborating evidence so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive" without the accomplice testimony. *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App., 1991).

The jury in this case was asked to determine the guilt or innocence of the Appellant based mostly off of the testimony of Mr. Smith but with no instruction concerning accomplice testimony. This caused egregious harm to the Appellant. The state's non-accomplice evidence is weak on its own, and absent the accomplice testimony, would have made the state's case "significantly less persuasive." The state presented evidence that Appellant met with Robert Lewis Smith, Jr. at the NAT 24 (RR vol. 5, 37:3-38:16), that Appellant had $1,030.00 in cash on his person after meeting with Mr. Smith (RR vol. 5, 135:2-13), and that Robert Lewis Smith, Jr. had crack cocaine in his vehicle after meeting with the Appellant. The

state also offered prior testimony of the Appellant through SX 22 admitting that he was dealing crack cocaine during that time period in Hunt county.

This evidence, without the accomplice testimony, leaves the state's case devoid of any evidence upon which a conviction could rest. Meeting Mr. Smith at a gas station and later finding drugs on him doesn't immediately infer that the drugs came from the Appellant. In fact, the defense presented a reason for the meeting between Mr. Smith and the Appellant in cross-examination of Mr. Smith when Mr. Smith was asked whether it was true that the Appellant met him that day to pick up a set of keys. (RR vol. 5, 84:23-85:3). Also, having $1,030 in cash on him after meeting with Mr. Smith does not infer that the Appellant sold Mr. Smith the crack cocaine. Any inference that the money must be from the sale of drugs is downplayed by the fact that the cost of the drugs in Mr. Smith's possession was only $200. (RR vol. 5, 42:11-12).

Finally, testifying that he has sold cocaine at some point in time does not tend to connect the Appellant as the dealer from whom Mr. Smith received his cocaine. If it did, then one might infer that the Appellant was the cocaine dealer for every person he came into contact with who was in possession of such a drug, something a reasonable juror would not do. Thus, egregious harm occurred to the Appellant in this case because the corroborating evidence was of such a nature that, without the accomplice testimony, the state's case against the Appellant was "significantly less

persuasive."

II. Insufficient Evidence

**A. The evidence was legally insufficient to support a finding of guilt by the jury because the accomplice testimony was not sufficiently corroborated.**

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State,* 127 S.W.3d 197 (Tex. App. Houston [1st Dist. ] 2003, pet. Dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W.3d 502 (Tex. Crim. App. 2005). In the context of an Art. 38.14 objection, the standard used to determine the sufficiency of corroborating evidence is "whether a rational fact-finder could conclude that the non-accomplice evidence 'tends to connect' appellant to the offense. *Simmons v. State*, 282 S.W.3d 504, 509 (Tex. Crim. App. 2009).

The state presented evidence through officer testimony that the Appellant was at the NAT 24 on November 9, 2010 and met with Robert Lewis Smith, Jr. there (RR vol. 5, 37:3-38:16), that Appellant had $1,030.00 in cash on his person after meeting with Mr. Smith (RR vol. 5, 135:2-13), and that Robert Lewis Smith, Jr. had crack cocaine in his vehicle after meeting with the Appellant. The state also

offered evidence through SX 22 that Appellant was dealing crack cocaine during that time period in Hunt county.

Taken on its own, a rational juror would not find that this evidence tends to connect the Appellant to the offense in this case. Meeting at a gas station with Mr. Smith who was later found to have possession of drugs does not connect the Appellant to the crime of delivery of a controlled substance any more than anyone else who happened to meet with Mr. Smith on that day. Nor does finding $1,030 in cash on the Appellant tend to connect the Appellant to the offense given that testimony showed that the amount of drugs found on Mr. Smith was only worth about $200. (RR vol. 5, 42:11-12). Furthermore, even the fact that the Appellant sold drugs at other times is tenuous at best in showing that Appellant sold crack cocaine on this particular date. Thus, taking the non-accomplice testimony on its own, it does not tend to connect the Appellant to the offense, and is legally insufficient to corroborate the accomplice testimony in this case.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that his judgment in the above entitled and numbered cause be reversed and rendered. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ Elisha Hollis
Elisha Hollis

The Law Office of Elisha Hollis
PO Box 1535
Greenville, Texas 75403
903-450-2473 (ph)
903-200-1290 (fax)
ElishaHollis@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's Brief was sent by first class United States Mail, postage prepaid, to the Honorable Noble Walker, Hunt County District Attorney, P.O. Box 441, Greenville, Texas 75403-0441 on this the 10th day of July, 2015.

I further certify that a true and correct copy of Appellant's Brief was sent by first class United States mail, postage prepaid to BOBBY JOE EVENS, TDJC # 1995944, Byrd Unit, 21 FM 247, Huntsville, TX 77320 on this the 10th day of July, 2015.

/s/ Elisha Hollis
Elisha Hollis

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Texas Rule of Appellate Procedure 9.4, this certifies that this document complies with the type volume limitations because it is computer generated and does not exceed 15,000 words. Using the word count feature of Microsoft Word, the undersigned certifies that this document contains 2,083 words in the entire document, except in the following sections: caption, identities of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, signature, certificate of service and certificate of compliance. This document also complies with the typeface requirements as it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Elisha Hollis
Elisha Hollis